No. 911

First Circuit

REGGIE v. KARRE

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)

Percy T. Ogden, of Crowley, attorney for plaintiff, appellee.

Milner & Porteous, of New Orleans, and Emile A. Carmouche, of Crowley, attorneys for defendant, appellant.

MOUTON, J. Mrs. Salim Karre, a resident of Crowley, on December 16, 1930, left her home in her Dodge car for an intended trip to Lafayette, La., with the following named ladies as her invitees or guests: Mrs. Fred Reggie, the plaintiff herein, Mrs. Elizabeth Reggie, Mrs. Jasmine Karre, widow of Pete Karre, and Mrs. Adele Reggie, wife of B. M. Zwan.

On their way to Lafayette, about five miles east of Crowley, the car was overturned in a ditch, resulting in an accident in which Mrs. Karre's four guests were all injured. Mrs. Salim Karre, wife of defendant, was driving the auto when the accident occurred.

Separate suits in damages, for different amounts were brought against defendant by these four injured parties.

The suits were not consolidated for trial but were tried together, and involve the same issues except as to the amounts claimed in damages.

The opinion rendered in this case will dispose of the four suits, but different and separate decrees will be entered in each case in reference to the amount of damages claimed.

Defendant filed exceptions in the four cases of want of protest on the part of plaintiff when the accident happened, and of no right or cause of action.

The allegations of the petition in this case indicate that the accident was unexpected and so sudden that the guests did not realize their perilous situation in time to enter a protest.

When the driver of an auto is driving at an excessive rate of speed or is otherwise negligent to the knowledge of the guest who fails to protest, the latter is guilty of contributory negligence. Pipes v. Gallman, 18 La. App. 434, 173 La. 158, 136 So. 302. Such a defense is more properly disposed of with the merits.

The other exception is one of no right or cause of action.

In the petition, it is alleged that, in attempting to pass ahead of another car going in the same direction, Mrs. Salim Karre increased her speed, and in so doing lost control of her auto, causing it to zigzag across the highway; that she continued to press her foot on the accelerator, instead of applying it to the brakes, striking the car in front, turning her auto across the highway into the ditch, where the parties were injured. It is also alleged that at the time the highway was free of traffic except the auto ahead, with no pedestrian in sight; that on the surface of the road there was more or less loose gravel; that after Mrs. Salim Karre lost control of her car, she continued to press violently on the accelerator, thus increasing its speed to at least 50 or 55 miles an hour; and that this speed under the alleged existing conditions was excessive, dangerous, careless and negligent, and in consequence thereof the auto left the roadway and tumbled into the ditch.

The facts so alleged, with the averment that the speed at which Mrs. Karre was traveling was excessive, careless and negligent, causing the auto to turn over, and which resulted in the damages claimed, are sufficient in law to set out a cause or right of action.

Counsel for defendant refer to the allegation where plaintiff, among her other averments, said: "That upon the surface of said public highway there was more or less gravel." This averment cannot be converted into an allegation that the accident was due to the loose gravel on the roadway so as to destroy the other allegations, including the assertion that the accident was the result of the careless and negligent driving of Mrs. Salim Karre.

The contentions urged by counsel for defendant in support of the exceptions present issues which properly belong to the merits, where they were correctly relegated for trial by the district judge.

### MERITS

Mrs. Elizabeth Reggie was sitting on the front seat of the car, next to Mrs. Karre, who was driving. On the rear seat were Mrs. Fred Reggie, plaintiff herein, Mrs. Zwan, and Mrs. Pete Karre.

We will first take up for consideration the defense that the parties, plaintiffs in these four suits, were guilty of contributory negligence because they failed to cry out or protest at the time of the accident

or prior thereto, to the effect that Mrs. Salim Karre was going at an excessive or dangerous speed, or as to her mismanagement of the auto.

The record shows that Mrs. Karre, when she came at a distance of about 20 feet from the other car which was traveling in the same direction, was then going at about 35 or 40 miles an hour. When at about that distance of the other car, Mrs. Elizabeth Reggie, who was sitting in the front seat, as hereinabove stated, referring to Mrs. Karre, testifies as follows:

"She start to zig-zag when she was a few feet from the car. When she come to the car she brushed the car. Instead of put her foot on the brake to stop she put it on the gas and we went in a minute."

Asked if after she put her foot on the gas if she was moving at 50 miles an hour, her answer was:

"She was going before she put her foot on the gas. We flew that time."

It was, she said, after she had started zigzagging from one side of the road to the other that Mrs. Karre brushed the bumper or side of the other car, and then returning to her former expression, she says, "we flew."

Mrs. Reggie testifies that she then said:

" 'Look out Mary' and we are gone. That's all I know."

There can be no doubt from the evidence that this zigzagging, brushing of the other car, and the turning of the car into the ditch occurred almost instantaneously or in the twinkling of an eye. Mrs. Elizabeth Reggie who was sitting on the front seat had no time to realize that the car was moving at an excessive speed, except the time when she cried out to Mary "look out," which was obviously an exclamation of sudden fear, when she saw

that Mrs. Karre had put her foot on the gas instead of putting it on the brakes. Evidently when Mrs. Elizabeth Reggie saw her perilous situation, she just had time to utter an exclamation of fear which was expressive of her imminent peril, and she cannot be charged to have failed to give the warning which may be expected of a guest in the circumstances, where the law requires it. Pipes v. Gallman, 173 La. 158, 136 So. 302.

The three other plaintiffs who were occupying the rear seat noticed that the car was zigzagging and was increasing its speed, did not know that the driver had put her foot on the gas, never realized the danger in which they were placed, and cannot be held to have failed to give timely warning.

We therefore find no merit in this defense of lack or want of protest urged by defendant.

There is no question but that after Mrs. Karre began zigzagging in her effort to run ahead of the other car that she lost control of it, increased its speed, ran against the fender or side of the other car, and plunged across the roadway into the ditch.

Mrs. Salim Karre, the driver, testifies, as follows:

"We was going on the road. I see a car in front of me. I tried to pass it. Before I got to the car I lost control of the wheel. The car go this way and that way. Well, when I see I am going to the other car and I don't want to hurt the people, I pass this way to the car. I do not know, I cannot tell you if I hurt the car or not. I got excited. I want to put my foot on the brake, I put my foot on the gas. I made mistake and I went right over to the ditch. Yes, sir, I wanted to put it on the brake, I made mistake. I don't want to hurt the people. I turned my wheel too fast."

In the case of Lawson v. Nossek, 15 La. App. 207, 130 So. 669, 671, the driver of

the car gave the following explanation of the occurrence:

"Well, I don't know. We were just driving, I thought on a gravel road, and all of a sudden I lost complete control of the car, the wheel. I tried to stop it and instead of that, it went faster and faster and I could not stop it. Just went from one side of the road to the other. Just swerved. And then I heard them hollering 'Raye! Raye!' But instead of stopping, it went faster and all I knew was that the car was turned over and I tried to get out."

Asked, did she try to steer the car in the middle of the road, the driver in that case replies: "I tried but I could not."

In commenting on the evidence in that case, the court said:

"Common prudence and caution dictate that when an automobile begins to swerve or zigzag from one side of the road to the other, that when a driver begins to lose control, he should slow down or stop. Defendant realizes that she should have done that. The way to stop an automobile from running is to cut off the supply of gasoline and apply the brakes. Defendant does not say that she did either. She says that she tried to stop the car, but she does not say what method she used to accomplish that purpose. According to her version, the car, instead of slowing down, went 'faster and faster.' It swerved and zigzagged from one side of the road to the other."

In that case, the court said also that:

"Automobile driver not applying brakes and cutting off gas to stop automobile going up-grade when losing control held grossly negligent."

In that case the auto was going up-grade; still the court held not applying the brakes and cutting off the gas was gross negligence.

The facts here are that the car was running on level ground over a highway 50 or 60 feet in width, and that, instead of applying the brakes, the driver pressed on the accelerator, turned her car around, and ran across the roadway.

In her explanation of the accident, Mrs. Karre says:

. "I don't want to hurt the other car. * * * I turned my wheel too fast."

Here is a clear admission of her fault in the statement: "I turned my wheel too fast." The explanation of the occurrence given by Mrs. Karre is practically similar to the version of the driver in the Nossek case, with the only difference that it shows greater fault on her part than appears in the cited case.

The right of a guest to recover for injuries occasioned in automobile accidents on account of the negligence of the driver is well settled. Lawrason v. Richard, 16 La. App. 434, 135 So. 29; Denham v. Taylor, 15 La. App. 545, 132 So. 372.

Counsel for defendant cites Beard v. Morris & Co., 156 La. 798, 101 So. 147, 148, where the court expressed itself, as follows:

"It is elementary that for plaintiff to recover he must show that defendant was at fault in causing the accident. Without proof of such fault there can be no recovery."

No one disputes the correctness of that rule.

The proof shows that when Mrs. Salim Karre came at about 20 feet from the car in front and increased her speed to pass ahead, that she was then traveling between 35 and 40 miles an hour. Counsel for defendant say that the speed at which she was then moving was not excessive. Counsel therefore contend that there is nothing to show that she was then guilty of any negligence in thus attempting to speed ahead of the other car. That is perfectly true. It was at the time she increased

her speed to pass ahead that her car began to zigzag from one side of the road to the other, finally brushing against the side of the other car and turning over.

Counsel say there is no evidence to show that she was at fault when her car began to zigzag, as she was then running at a legal rate of speed.

The record shows that the highway where the accident occurred is 50 or 60 feet in width. The evidence clearly shows that there was no traffic at that time on the roadway, no car coming from the opposite direction, and no pedestrian in sight. The fact is, that the only car besides the one Mrs. Karre was driving was the car in front of her; that the road was open and free, with lots of room for Mrs. Karre to pass ahead in absolute safety. There is no proof whatsoever to show that there was any accumulation of loose gravel or other obstruction on that roadway which could have interfered in the slightest with the free movement of Mrs. Karre's car. It also appears that her car was new, and that it had no defect in its mechanism or anything that could have interfered with its safe management or control. It is therefore impossible to ascribe her zigzagging to loose gravel in the roadway, to heavy traffic, to another car coming from the opposite direction, or to pedestrians, or to any other impediment that could have affected the safe management of her car. This zigzagging can therefore be accounted for by only attributing it to her faulty or incompetent running of the car. It is impossible to see how it can otherwise be explained. It was through her fault, we find, that she lost control of her car and then zigzagged from one side to the other across the road. The fact is she testifies that before she got to the other car she lost control of the wheel, that the car, to use her own language, "go this way and that way," meaning zigzagging.

Counsel for defendant may say that our reference to the facts surrounding its occurrence, hereinabove given, which in our opinion show that Mrs. Karre was at fault when she lost control of her car, fall under the doctrine "res ipsa loquitur," which shows want of due care, but is not conclusive.

The testimony of Mrs. Karre goes further than what we have quoted, when, after stating she had lost control of the wheel, she continues and testifies, as follows: "I got excited. I put my foot on the gas. I made mistake and I went right over to the ditch."

In the case of Lawson v. Nossek, above cited, the court, after applying the doctrine the "thing speaks for itself," said:

"Automobile driver not applying brakes and cutting off gas to stop automobile going up grade when losing control held grossly negligent."

Here, the auto was going on a level, smooth highway, certainly with no upgrade, and instead of applying the brakes, the driver actually set her foot on the gas, thus suddenly increasing its speed from 35 or 40 miles an hour, to 50 or 55, causing the car to bump the other and to plunge across the road into a ditch, in which there was water about four feet deep. If there was gross negligence on the part of the driver in the Nossek case, there was more negligence in the case at bar. "I don't want to hurt the other car in the front," says Mrs. Karre in her testimony. "I turned my wheel too fast." In this last-quoted statement, she refers to no mistake, but clearly recognizes she was at fault by saying, "I turned my wheel too fast."

Counsel for defendant say that a sudden perilous situation existed at the time of the accident, and that Mrs. Karre could not have been expected to exercise the

same presence of mind which would have been required of her under different circumstances.

Counsel refer to Buckner v. Powers, 12 La. App. 630, 125 So. 744, where it appeared that a car had come immediately in front of the driver; that he acted quickly and under impulse to avoid the accident. He was confronted with a sudden emergency, and if he made the mistake of turning to his left instead of his right, the court said, he could not be charged with negligence. This doctrine has been frequently applied by this court where the driver had been confronted with a sudden emergency when another car unexpectedly appeared in his pathway, or some obstruction that could not have been seen suddenly impeded his passage. Such emergencies, however, must not be the creation of the driver himself, because if he has brought about a dangerous situation, he cannot, as was said in a number of decisions, excuse himself on the plea that owing to that condition he could not avoid the accident. Quatray v. Wicker et al., 16 La. App. 515, 134 So. 313.

The evidence shows that the perilous situation in which Mrs. Karre was placed was the result of her own fault or negligence, and hence the defendant cannot escape liability on the plea of sudden emergency, as contended for by his counsel.

We have carefully examined the evidence in this case, and in the other three companion cases in reference to the quantum of damages, and find that the respective amounts granted therein are fair and just, and should not be increased as prayed for by appellees.

Separate decrees will be entered in the other cases.

In this case, the judgment is affirmed, with cost.