This is a suit in which one of the plaintiffs, Ivory Williams, seeks damages for personal injuries, loss of his automobile and his use thereof, and the other plaintiff, Wilbert Carr, seeks damages for personal injuries arising out of a collision between two trucks and plaintiff Williams' automobile on U.S. Highway 90, in the Parish of St. Mary, on September 11, 1945, at about 10:45 p.m. At the scene of the accident, Highway 90 runs practically east and west and is paved. The defendants, the owner, Pelican Creamery, Inc., of one of the trucks involved in the collision, the driver thereof, L.D. Smith, and the liability insurer thereof, the Employers' Liability Assurance Corporation, Limited, filed an exception of no cause and of no right of action, which exception was sustained, resulting in the dismissal of the suit. Plaintiffs have appealed.
For the consideration of this appeal, all well pleaded facts contained in plaintiffs' *Page 575 
petition are admitted. The summary of said facts are as follows:
Plaintiffs were traveling west on Highway 90 in the automobile of plaintiff Williams who was driving in a careful and cautious manner, at a very moderate speed, well on his right-hand side. When they reached a point on the said highway in the vicinity of a Colored Baptist Church, Williams observed a large truck, owned by the Pelican Creamery, Inc., in charge of L.D. Smith, unattended, and parked squarely in the northern or right lane of travel of both the truck and Williams' car, without any flares having been set out to warn traffic as is provided by law, even though the driver of the truck had had sufficient time to set out such flares. Upon reaching the parked truck, Williams stopped his car behind the truck as there were on-coming cars preventing him from passing the parked truck; three of such on-coming cars safely passed the Creamery truck and his car. There was a fourth on-coming car some distance behind the three cars which safely passed, and Williams was awaiting this car to pass in order that he could then pull out from his right lane of travel onto his left in order to go around the Creamery truck. In the meanwhile, a heavy laden truck and semi-trailer, owned by the Federal Transportation Company, Inc., driven by Clarence Stoute, was traveling from east to west, or in the same direction in which the parked truck and Williams' car were traveling. Just as soon as the third on-coming car had passed the parked truck and plaintiff's car (presumably after it also passed the Federal truck), and before the fourth on-coming car could get to the scene and safely pass the parked truck and plaintiffs' car, the Federal truck, without making any attempt to stop or reducing his speed, pulled to the left into the left lane of travel for the purpose of passing plaintiffs' stopped car and the Creamery parked truck. In so doing, the tractor part of the Federal truck cleared the plaintiff's car, but the trailer part struck plaintiff's car with such force as to drive plaintiff's car into the parked truck, wrecking the Williams car beyond repair. The action of the Federal truck caused the fourth oncoming car to take to the shoulder of the road in order to pass the situs of the accident.
There is no question of contributory negligence on the part of the plaintiffs. It is also admitted that the driver of the Federal truck and trailer was grossly negligent.
The plaintiffs contend that the failure of defendant Pelican Creamery, Inc.'s truck driver to have set out his flares when he parked the truck on the highway, obstructing plaintiffs' lane of travel amounted to gross negligence, which, combined with the gross negligence of the Federal truck driver, was a proximate cause of the accident. This being the case, it is further contended that the persons connected with the Creamery truck were co-tort-feasors with those connected with the Federal truck. Under such situation each and every one of those persons became solidarily responsible for plaintiffs' injuries and damages, and plaintiffs could elect to sue the present defendants, the owner of the Creamery truck, its driver and its liability insurer, in solido.
It is the contention of the defendants that if the truck driver was negligent in any manner in the parking of his truck in plaintiff's lane of travel such negligence was not a proximate cause of the accident, but that such negligence in so far as plaintiffs were concerned had become passive and thus was a remote cause of the accident while the said intervening negligent acts of the Federal truck became the proximate cause thereof.
[1] It is too well settled in our law and jurisprudence that joint tort-feasors are solidarily liable and that a plaintiff may elect to sue any one of them to cite authorities or indulge in a discussion thereof.
[2] The only negligence charged to the defendants is the failure of the driver of the Creamery truck to set out flares as provided by law. The Highway Regulatory Act, No. 286 of 1938, Section 3, Rule 15 (a), Dart's Statutes, § 5220 (a), expressly required of the operator of a truck left parked upon the highway at night for any reason, that he sees to it that his lights be on, and flares, fore and aft, be set out in order to apprise the traffic of the vehicle's presence. It certainly is negligence to not observe these requirements when it is possible to *Page 576 
do so. Such negligence, however, is not actionable unless it is a proximate cause of an accident and injury. The question now presented is whether the negligence of the Creamery truck driver was a proximate cause of the accident.
[3] Definition of proximate cause: "Perhaps the best, as well as the most widely quoted, definition is the following: 'The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient interveningcause, produces the injury, and without which the result would
not have occurred.' Other definitions which have received judicial approval are: 'The one that necessarily sets the other causes in motion, and brings about the result without theintervention of any force started and working actively from anew and independent source.' "
"By remote cause is intended that which may have happened, and yet no injury have occurred, notwithstanding no injury could have occurred if it had not happened; that cause whichsome independent force merely took advantage of to accomplishsomething not the probable or natural effect thereof." 38 Am. Jr., page 695, Sec. 50. (Italics ours.)
"When two causes co-operate to produce the damage resulting from a legal injury, the proximate cause is the originating and efficient cause which sets the other cause in motion." Lapleine v. Morgan's Louisiana Texas R. S. S. Co., 40 La. Ann. 661, 4 So. 875, 1 L.R.A. 378.
Element of liability: "To constitute actional negligence there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by a natural and unbroken sequence without interveningefficient causes." 22 R.C.L. 113. (Italics ours.)
"Where, in the sequence of events between the original default and the final mischief an entirely independent andunrelated cause intervenes, and is of itself sufficient tostand as the cause of the mischief, the second cause isordinarily regarded as the proximate cause and the other as theremote cause." Atchison, T. S. F. Ry. Co., v. Calhoun,213 U.S. 1, 29 S.Ct. 321, 323, 53 L.Ed. 671. (Italics ours.)
In the case of New Orleans N.E. R. Co., v. McEwen 
Murray, 49 La. Ann. 1184, 22 So. 675, 38 L.R.A. 134, our Supreme Court quoted with approval a statement of the Supreme Court of Wisconsin in the case of Huber v. La Crosse City Railway Co., 92 Wis. 636, 66 N.W. 708, 31 L.R.A. 583, 53 Am.St.Rep. 940, affirming what had been previously declared by it in Block v. Milwaukee St. Railway Co., 89 Wis. 371, 61 N.W. 1101, 27 L.R.A. 365, 46 Am.St.Rep. 849, thusly: "The negligence is not the proximate cause of the accident, unless, * * * under all the circumstances, the accident might have been reasonably foreseen by a man of ordinary intelligence and prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been theProbable consequence." [49 La. Ann. 1184, 22 So. 680.] (Italics ours.) In the case of Cavaretta v. Universal Film Exchanges, La. App., 182 So. 135, we quoted with approval the above statement.
We further quote from 38 Am.Jur. Sec. 51, page 699, "In the language of Lord Bacon: 'It were infinite for the law to judge the cause of causes and their impulsions one of another, therefore it contenteth itself with the immediate cause, and judgeth of acts by that without looking to any further degree. In jure non remota causa seal proxima spectatus.' Negligence, no matter in what it consists, cannot create a right of action unless it is the proximate cause of the injury of which complaint is made. The connection between the negligence and the injury must be a direct and natural sequence of events,unbroken by intervening efficient causes, so that it can be said that the negligence was the proximate cause of the injury. Causes of injury which are mere incidents of the operating cause, while in a sense factors, are so insignificant that the law cannot fasten responsibility upon one who may have set them in motion. According to the prevailing modern view, there is no distinction to be made in this respect between the breach of a statutory and the breach of a common-law duty. Negligence consisting in the violation of a statute or ordinance is not actionable unless it is the proximate cause of the injury. For analogous reasons, *Page 577 the law of damages is not concerned with the effect of remotecauses, but only with those consequences of which the actcomplained of is the natural and proximate cause, that is,those which naturally and proximately flow from the originalwrongful act." (Italics ours.)
[4] As stated supra, plaintiffs charge the driver of the Federal truck, without making any attempt to slow down or stop for the stopped Williams car and the Creamery truck, of pulling into its left lane of travel without regard of whether the passing of the stopped vehicles could be made in safety and without regard to the on-coming traffic. They contend, and rightly so, that such acts constituted gross negligence, which said gross negligence on the part of the Federal truck is admitted by the defendant.
[5] Under these facts we find that such acts of negligence on the part of the driver of the Federal truck and trailer were an independent force having no connection with the act of negligence of the driver of the Creamery truck. If it had not been for the gross negligence of the driver of the Federal truck, there would have been no accident. Since it is not alleged to the contrary, it must be presumed that the Creamery truck and plaintiffs' car were equipped with all lights as required by law and that such lights were burning. Plaintiff Williams saw the Creamery truck parked in ample time to stop in spite of the glaring on-coming headlights mentioned in plaintiffs' petition. Likewise, plaintiff Williams' car had a tail-light as required by law. The putting out of flares would hardly have caused the Federal truck driver to reduce his speed or stopped behind plaintiffs' car any more than the lights on the stopped truck and car. Suffice it to say that the violation of a law regulating highway traffic does not constitute "negligence per se", but to hold one who violates the law responsible in damages it must appear that the manner of violation was one of the proximate causes of accident and resulting injury. See Bourgeois v. Longman, La. App., 199 So. 142.
[6] We therefore conclude that the negligence of defendants' truck driver in the violation of the statute quoted supra did not constitute a proximate cause of the accident, which, in our opinion, as in that of the district judge, resulted solely and entirely from the gross negligence of the Federal truck driver.
For these reasons, the judgment appealed from is affirmed.