This is a suit in which Floyd Dollar and wife, Mrs. Clarice Dollar, seek the recovery of damages, in solido, from several defendants named as Aetna Casualty Surety Company, Ritchie Grocer Company, Ben Riller and Elston Cook. Exceptions of no cause and no right of action were filed on behalf of each of the defendants and sustained as to all defendants save Elston Cook, with respect to whom the exceptions were overruled. From the judgment sustaining the exceptions and dismissing the plaintiffs' suit as against the other defendants, plaintiffs have brought this appeal.
The exceptions are based upon the proposition that plaintiffs' petition not only failed to properly allege acts of negligence on the part of the defendants involved in this appeal, but actually exonerated and absolved them, under the facts alleged, from any negligence whatsoever. The pertinent portions of plaintiffs' petition which are involved in a determination of the issue before us are found in paragraphs 6 and 7 thereof, which we quote, in extenso, as follows:
"VI. That at about 2:30 p.m. on January 25, 1947, Ben Riller, who had been driving Ritchie Grocer Company Delivery Truck, being one International K 7 Type Truck, Motor Number 44451, and Registration Number 53-184, in a southerly direction on the Monroe-Sterlington paved highway, parked the same on said highway, mostly on the pavement and partly on the gravel, thus obstructing approximately 1/4th of the width of said pavement; and that McGough's Store was located on the west side of said highway, about opposite where said truck was parked, which place is in Ouachita Parish, Louisiana; that Ben Riller parked said truck for the purpose of delivering groceries for his employer, Ritchie Grocer Company, to its customer, McGough's Store; that said highway is about 18 feet in width and that there was a black line running down the center of same; and that as said truck was thus parked, this prevented south bound traffic in the rear of said truck from going around the same, and at the same time remain on the right hand or west side of the highway, because there was not sufficient open and unobstructed space; that soon after said truck was parked, 2 other south bound automobiles stopped in the rear of said truck and that your petitioner Floyd Dollar who was driving his 1941 Chevrolet in a southerly direction had checked the speed of his car and had brought it almost to a stop about 30 feet in the rear of one of the automobiles which had stopped in the rear of said truck; and that while your petitioner's said car was at said place on his right hand or west side of highway, the front part of his car was struck by right front part of an automobile owned and driven by Elston Cook, which he had been previously driving in a northerly direction on said highway, but lost control of the same and ran across the highway causing the collision; that just prior to the collision another south bound vehicle, the name of the owner and/or driver of same being unknown, the driver of said vehicle being called 'X' for identification, and said vehicle being called 'X-A' for identification, which vehicle had been driving in the rear of petitioner's vehicle was by said 'X' driven around and passed your petitioner's vehicle and other automobiles ahead of him, and that about the time the 'X-A' vehicle was passing the Ritchie Grocer Company truck, Elston Cook who had been driving his automobile in a northerly direction on said highway, steered the same over to his right or east side and partly on to the shoulder in order to give more room for the 'X-A' vehicle to pass through between the Ritchie Grocer Company truck and Elston Cook's automobile, and that 'X' drove 'X-A' vehicle on *Page 551 
through without any collision; but that as Elston Cook started to get his vehicle back completely on the pavement, lost control of his vehicle and caused it to run across on his left hand, wrong side, or in a westerly direction on said highway, causing the said Cook automobile to be thrown out in front of petitioner's said automobile, thereby causing the collision.
"VII. Petitioner's show that said accident was due to the joint and contributory negligence of Ben Riller, driver of Ritchie Grocer Company truck, 'X' driver of 'X-A' automobile, and Elston Cook, driver of his automobile, and that included in the negligent acts of each are the following acts of negligence, to-wit:
"(a) That Ben Riller was negligent by parking Ritchie Grocer Company truck on said highway, parking so much on the west side of said pavement so as not to leave sufficient room for other south bound traffic to pass said truck and remain on the right hand or west side of said highway, especially since Ben Riller knew or should have known that there was south bound traffic in the rear of said truck, and also knew that there was north bound traffic on said highway, and knew that said highway was greatly used by traffic; and that he was further negligent for not driving said truck off on to the gravel driveway, or roadway in front of McGough's Store, for the purpose of delivering groceries, that he was further negligent for failing to sound the horn of said truck, which would have warned traffic in both directions of the existing danger created by the parking of said truck in said manner; that he was negligent for failing to station flags or any other signals at proper distances from said truck, which would have warned drivers of other vehicles going in either direction on said highway, and which would have informed other motorists of said danger created by the parking of said truck on said highway; that he was further negligent by failing to have a flagman stationed so as to warn the public of the danger of the parked truck; that Ben Riller was especially negligent for parking the truck on said highway when he knew that there was not left sufficient room on the pavement to the east of said truck in order for north bound and south bound vehicles to pass each other in safety and this is especially true since Ben Riller knew that the shoulder on the east side of said highway was of dirt and boggy from rains; and that Ben Riller was negligent by parking said truck so as not to leave clear and unobstructed a width of 15 feet upon the main travelled portion of said highway, opposite said parked truck; and for failing to leave sufficient distance for free passage of other vehicles on said highway.
"(b) That 'X' was negligent for driving 'X-A' vehicle around petitioner's automobile and the other automobiles in the rear of Ritchie Grocer Company truck and around Ritchie Grocer Company truck, when he saw or should have seen Elston Cook coming in a northerly direction on said highway, and that 'X' was negligent for driving on the left side of the center line of the said highway in undertaking and passing petitioner's automobile, and other automobiles traveling and/or headed in the same direction, at a time when there was visible to him oncoming traffic, to-wit, Elston Cook who was driving his automobile in an opposite direction, which situation prevented 'X' from passing in safety and there being insufficient distance ahead to permit his, 'X', overtaking and passing in safety.
"(c) That Elston Cook was negligent by driving his automobile at an excessive and unlawful rate of speed under the circumstances, by his failure to check the speed of his automobile, or his failure to timely check the same, when he saw that 'X' was driving his 'X-A' automobile in the manner aforementioned, and that had Elston Cook stopped his automobile on his right hand or east side of said highway some distance before it reached the place opposite Ritchie Grocer Company truck that he could have thereby avoided the accident; that also by Elston Cook driving his automobile too fast and not checking the speed of same, he negligently lost control of his automobile when it ran on to the shoulder, and that he was driving so fast that his automobile went a long distance after he passed the 'X-A' automobile before he, Cook, finally caused his automobile *Page 552 
to run into petitioner's automobile. Petitioners therefore show that it was the joint and contributory acts of negligence of each of the 3 above named parties that caused the accident in this case, and that petitioners were blameless, and that your petitioner Floyd Dollar was at said time driving his automobile in a careful, cautious, and prudent manner; and that consequently all of the defendants are legally liable in solido for the payment of damages sustained by your petitioners, arising out of said accident."
Counsel for plaintiffs takes the position that exceptions of no right and no cause of action are properly sustained only in those cases where plaintiff by the allegations of his petition evidences his guilt of contributory negligence, and in support of this proposition cites Gerald v. Standard Oil Company of Louisiana, 204 La. 690, 16 So.2d 233. Careful examination of the cited case fails to substantiate the premise advanced. The case reiterates the well established principle that an affirmative showing of contributory negligence in the allegations of a plaintiff's petition subject him to the raising of the issue by exceptions of no right or cause of action. The opinion emphasizes the point that this constitutes an exception to the general rule that contributory negligence is a special defense. But nowhere in the opinion do we find any pronouncement that such a situation is the only case justifying the sustaining of such exceptions.
It is clear that the issue presented in the case before us deals primarily with the question of proximate cause, not contributory negligence.
In Williams et al. v. Pelican Creamery, Inc., et al., La. App., 30 So.2d 574, decided by our brethren of the First Circuit, we find an interesting and comprehensive discussion with respect to facts and pleading strikingly similar to the instant case. The analysis of the point is brilliantly made in the learned opinion of Judge Dore, with which reasons and the conclusions reached we are in complete accord.
We are convinced that the allegations of plaintiff's petition conclusively exonerate the driver of the Ritchie truck, and, consequently, the owner and insurer thereof, from any charges of negligence of a nature which would constitute a proximate cause of plaintiffs' injuries. This being true, it is obvious that the exceptions were properly sustained.
The judgment appealed from is affirmed at appellants' cost.