108 So.2d 817 (1959)
Racel J. ARDOIN et al., Plaintiffs-Appellants,
v.
James H. WILLIAMS et al., Defendants-Appellees.
No. 8953.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1959.
*818 Gerard F. Thomas, Jr., Natchitoches, for appellants.
Watson & Williams, Natchitoches, for appellees.
GLADNEY, Judge.
Plaintiffs instituted this suit for the purpose of recovering medical expenses and property loss incurred by the husband and personal injuries sustained by the wife, when the latter was involved in an automobile collision on May 22, 1958, during *819 daylight hours, on State Highway 494 in Natchitoches Parish, Louisiana. Made defendants were James H. Williams and his liability insurer, American Surety Company of New York, and Mrs. Desiree Breazeale and her insurer, Government Employers Insurance Company. Williams and his insurer filed exceptions of no cause of action which were sustained by the district court. Plaintiffs have appealed.
The position taken by the exceptors is that the allegations of plaintiffs' petition are insufficient to state actionable negligence on the part of the driver of the Williams truck which was parked partially on the shoulder and partially on the pavement of the highway, for the facts as disclosed, fail to indicate the parking of the vehicle can be considered a proximate cause of the daylight accident. The collision is shown to have occurred when Mrs. Desiree Breazeale, in attempting to pass to the left of the parked truck, collided head on with the oncoming automobile driven by Mrs. Ardoin.
The allegations of plaintiffs' petition which are pertinent for a consideration of the question are embraced in Arts. 4 and 5, which state:
"She alleges that the accident was caused as follows: As she approached the point aforesaid, she was confronted with an automobile being driven by the defendant Desiree Breazeale, which automobile was in the wrong lane of travel on the highway; i.e., the West lane of travel, or petitioner's right hand lane of travel. The automobile being driven by the defendant, Desiree Breazeale, a 1949 Plymouth 2-Door Sedan, was passing a 1950 Ford 2-Ton Stake-Body Truck owned by the defendant, J. H. Williams, which was parked on the highway in the East lane of travel, partially on the blacktop road surface and partially on the road shoulder. In passing the truck that was thus obstructing her lane of travel, the East lane, Desiree Breazeale, drove her automobile into her left-hand lane of travel, the West lane, which was being rightfully occupied by petitioners' vehicle at the time, and despite all efforts by petitioner, Marise G. Ardoin, to avoid a collision, she was unable to do so, and the Plymouth automobile and the Mercury automobile crashed together in the lane of travel being rightfully occupied by petitioner, as aforesaid.
"The accident and collision between the vehicles was caused solely and proximately by the joint negligence of Desiree Breazeale and of the agents, employees and servants of James H. Williams, who were in charge of the Williams' truck, which negligence your petitioners particularize without limitation however, as follows:
"The negligence of Desiree Breazeale was:
"1. Failing to keep a proper lookout on and along the roadway.
"2. Driving her automobile into the wrong lane of travel and thus blocking the roadway immediately in front of petitioner's oncoming vehicle.
"3. In attempting to pass a vehicle on the highway while another vehicle was approaching.
"4. In failing to have her vehicle under proper and legal control.
"The negligence of James H. Williams, through his agents, servants and employees was:
"1. In obstructing and blocking the highway by parking a vehicle thereon in violation of the provisions of R.S. of Louisiana 32:241."
Counsel for appellants says in his brief that "essentially the cause of action stated against Williams and his insurer is that the employees of Williams parked a truck on Highway 494, Old Cane River Road, that the truck was partially on the blacktopped *820 surface of the roadway and that the truck as situated illegally obstructed and blocked the highway for other travelers and in violation of the rule of the road set forth in R.S. of Louisiana 32:241. It is alleged that this action on the part of defendant's employees was negligence which proximately contributed to or caused the collision and the damages sustained by petitioners." LSA-R.S. 32:241 reads as follows:
"A. No person shall park any vehicle, attended or unattended, upon the main traveled portion of any highway, outside of a business or residence district, when it is practicable to park it off the main traveled portion of the highway. In no event shall any person park a vehicle, attended or unattended, upon a highway unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehicles, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway. Even then, if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person parking it shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence."
For the purpose of determining the merits of an exception of no cause of action, the well pleaded facts in plaintiffs' petition must be accepted as true. Such consideration, however, is restricted to facts and a pleader's conclusions of law are not to be considered as allegations of fact. See Campti Motor Company, Inc. v. Jolley, 1929, 10 La.App. 287, 120 So. 684; Dilworth v. Hebert, La.App., 1942, 7 So.2d 626; Hayes v. Illinois Central Railroad, La.App., 1955, 83 So.2d 160.
By reference to the petition it is evident that counsel for appellants must rely entirely upon that allegation which charges the driver of Williams' truck with "obstructing and blocking the highway by parking a vehicle thereon in violation of the provisions of R.S.Louisiana 32:241." Exceptors argue this allegation not only does not show the act in parking the truck was a proximate cause of the damages and injuries inflicted upon plaintiffs, but other allegations of the petition clearly show that if there is any actionable negligence from which appellants are entitled to recover, such negligence must be assessed against Mrs. Desiree Breazeale, whose automobile collided head on with that driven by Mrs. Ardoin while the former was engaged in passing the parked truck.
The rule is well recognized that negligence consisting of the violation of a statute or ordinance is not actionable unless it is the proximate cause of the injury. This rule is recognized in Williams v. Pelican Creamery, Inc., La.App., 1947, 30 So.2d 574; Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Insurance Co., 1949, 215 La. 545, 41 So.2d 212; Howell v. Kansas City Southern Transport Co., La.App., 1953, 66 So.2d 646; and August v. Delta Fire & Casualty Co., La.App., 1955, 79 So.2d 114. In Williams v. Pelican Creamery, Inc., La.App., 30 So.2d 576, 577, Judge Dore quotes the language of Lord Bacon as set forth in 38 Am.Jur. Sec. 51, page 699, which states:
"* * * the law of damages is not concerned with the effect of remote causes, but only with those consequences of which the act complained of is the natural and proximate cause, that is, those which naturally and proximately flow from the original wrongful act."
Proximate and remote causes are explained by a leading authority:
"Perhaps the best, as well as the most widely quoted, definition is the following: `The proximate cause of an injury is that cause, which, in natural *821 and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' Other definitions which have received judicial approval are: `The one that necessarily sets the other causes in motion, and brings about the result without the intervention of any force started and working actively from a new and independent source.'
"By remote cause is intended that which may have happened, and yet no injury have occurred, notwithstanding no injury could have occurred if it had not happened; that cause which some independent force merely took advantage of to accomplish something not the probable or natural effect thereof." 38 Am.Jur., page 695, Sec. 50.
Actionable negligence is that which imports the liability of the doer. It is thus defined in 22 R.C.L. 113:
"To constitute actional negligence there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by a natural and unbroken sequence without intervening efficient causes."
The following quotation is likewise apropos:
"Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause." Atchison, T. & S.F.R. Co. v. Calhoun, 213 U.S. 1, 29 S.Ct. 321, 323, 53 L.Ed. 671.
The mere act of parking the Williams truck "partially on the blacktop road surface and partially on the road shoulder" of the highway, certainly had no direct bearing upon the accident, and even should we assume the truck was not parked in accordance with the provisions of LSA-R.S. 32:241, such negligence could only constitute a remote cause of a collision between the other vehicles. The affirmative allegations of the petition show Mrs. Ardoin and Mrs. Breazeale were able to pass the truck, hence the road was not blocked in such a manner as to unduly impede traffic on the highway. The court may well assume, in the absence of special circumstances not herein set forth, that where a truck is parked with its wheels partially on and off the blacktop surface of a state highway, sufficient space will remain for the passage of vehicles.
Other allegations of the petition show the accident occurred at the hour of approximately 5:15 P.M. on May 22, 1958, which, of course, was during daylight hours. The petition implies there were no unusual weather or road conditions, or other circumstances affecting the vision of the drivers of the vehicles involved in the accident.
Furthermore, if we accept the allegations of the petition as true for the purpose of this exception, as we must, there appears no good reason why Mrs. Breazeale did not so control her vehicle as to avoid meeting head on the oncoming automobile driven by Mrs. Ardoin. It seems clear to us, therefore, that the parking of Williams' truck cannot be considered a proximate cause of the accident, a conclusion which is essential to justify holding the owners of the parked vehicle liable on the grounds of negligence.
In this case the exception is not based on the contributory negligence of Mrs. Ardoin, but is predicated upon the failure of the petition to disclose the act of parking proximately caused the resulting collision. In Dollar v. Aetna Casualty & Surety Co., La.App., 1948, 37 So.2d 549, this court decided a case in which the facts are remarkably similar to those in the instant case. *822 Therein one of the plaintiffs, Floyd Dollar, during daylight hours, was meeting an automobile being driven by one Elston Cook as they neared a truck belonging to Ritchie Grocer Company, which truck was parked on the side of the highway. As he neared the truck, Elston Cook drove partially off of the pavement in passing and as he attempted to return to the pavement he lost control of his vehicle and collided with the oncoming vehicle of Floyd Dollar. As a consequence, Dollar and his wife sought to hold responsible in damages the Ritchie Grocer Company, its insurer, and Riller, driver of the truck, and Elston Cook. The trial court sustained an exception of no cause of action on behalf of each of the defendants, save Elston Cook, with respect to whom the exception was overruled. Judge Hardy, author of the decision by this court, affirmed the judgment of the trial court sustaining the exception of no cause of action, stating:
"We are convinced that the allegations of plaintiff's petition conclusively exonerated the driver of the Ritchie truck, and, consequently, the owner and insurer thereof, from any charges of negligence of a nature which would constitute a proximate cause of plaintiff's injuries. This being true, it is obvious that the exceptions were properly sustained."
Counsel for appellants has cited as authorities supporting his points of view Vaccaro v. Favrot, 1930, 170 La. 483, 128 So. 284; Reggie v. Karre, 1932, 19 La.App. 477, 139 So. 532; West v. Ray, 1946, 210 La. 25, 26 So.2d 221; Guiteau v. Southern Parking Co., Inc., La.App., 1951, 49 So.2d 880, and Campbell v. Jackson, 1952, 257 Ala. 618, 60 So.2d 252. We have examined each of these cases and find them inapposite. None of these cases is controlling on the question which we have decided in favor of exceptor.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed at appellant's cost.