John J. TAMBURELLO, for the use and benefit of his minor daughter, Cheryl Ann Tamburello, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY, Defendant.

Civ. A. No. 11637.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 13, 1962.

---

3. See 37 C.F.R. 6.1, Schedule of Classes of Goods and Services Under the Trade-Mark Act.

William V. Dunne, Harahan, La., for plaintiff.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John V. Baus, New Orleans, La., for defendant.

AINSWORTH, District Judge.

In this matter, defendant on motion for summary judgment seeks dismissal of a suit for serious personal injuries sustained by plaintiff's minor daughter growing out of an automobile accident, as a result of which a baby car seat in which the infant was sitting became dislodged from the seat of the automobile being driven at the time by plaintiff's wife.

Defendant's assured is the manufacturer of the "Broncho" baby car seat, in which the infant was riding. The manufacturer's label attached to the car seat warrants, "On the road absolute safety" and "In the home complete comfort."

Plaintiff, on behalf of his minor child, has sued the liability insurer of the car seat manufacturer, under the direct action statute of Louisiana (LSA–R.S. 22:655), alleging that he relied on the manufacturer's warranty and that the injuries sustained by the child were the direct result of the structural failure of the car seat in failing to provide the warranted protection.

On October 23, 1960, plaintiff's wife was driving a 1960 station wagon with her ten-month-old daughter who was riding in the front seat in the "Broncho" car seat. Plaintiff's wife lost control of the car, which went into a ditch on the right side of the road, came out, veered to the left, crossed the highway, and struck a tree approximately ten feet off the highway, having traveled approximately fifty feet after going out of control until the time that it collided with the tree. No other vehicle or person was involved in the accident. The two curved steel inverted U-shaped arms on the rear of the car seat, designed to hold it in place on the fixed front seat of an automobile, straightened out, throwing the child, still firmly secured in the car seat,

towards the dashboard of the car and on the floor.[1]

It is not the intention of the court to minimize the seriousness of the child's injuries. The fact that plaintiff's collision insurer paid plaintiff the substantial sum of $2,500.00 for said injuries[2] attests to the serious nature of the injuries. But unfortunate though the situation may be, plaintiff's claim against the insurer of the manufacturer of the baby car seat is not a reasonable one, and must be disposed of by summary judgment.

Before rendering a summary judgment the court "must be satisfied not only that there is no issue as to any material fact, but also that the moving party is entitled to a judgment as a matter of law." Palmer v. Chamberlin, 191 F.2d 532, 27 A.L.R.2d 416, 5 Cir. (1951). The second requisite of Rule 56(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. does not automatically follow from the first requisite. Shahid v. Gulf Power Company, 291 F.2d 422, 5 Cir. (1961). Whether the requisites of Rule 56(c) are met, "is really to be measured by whether no evidence could be offered to support the plaintiff's theory." Demandre v. Liberty Mutual Insurance Company, 264 F.2d 70, 5 Cir. (1959).

No allegations have been made, and no evidence could be offered under the undisputed circumstances here to support plaintiff's theory. There is no controverted question of fact which would preclude a summary judgment in these proceedings. No cause of action has been established by plaintiff, and no actionable negligence or breach of warranty has been shown against defendant's assured which would allow recovery. The label attached to the baby seat, "On the road absolute safety" upon which plaintiff avers he relied in purchasing

this item (at a cost of approximately $5.00)[3] was obviously not intended to be a guarantee that the car seat would remain intact under any and all circumstances and particularly in a collision of such force as plaintiff's wife was involved in here. All that the warranty amounts to is that during the normal operation of an automobile, a child seated in the car seat would remain seated. But this does not mean that plaintiff and his wife, relying on the warranty, can relax the necessary vigilance and caution for the safe operation of their automobile.

Plaintiff has completely ignored and overlooked the efficient, proximate cause of the injuries—the loss of control by his wife of the automobile and the ensuing collision with the tree.

Plaintiff alleged in his pleadings that "the car went out of control and collided with a tree * * *." and in answer to interrogatories propounded by the defendant requesting that plaintiff state the cause of the automobile going out of control, answered:

"The cause of the automobile being driven by Barbara Adams Tamburello going out of control is unknown to plaintiff."[4]

The Louisiana case cited by defendant, Pouncy v. Temple, La.App., 41 So.2d 139, 2 Cir. (1949), involved an alleged failure by a manufacturer to use proper materials in the construction of a fire escape ladder, which failure allegedly resulted in plaintiff's being thrown to the ground and suffering injuries when the ladder buckled. In that case the court found that the proximate cause of the accident was the negligence of the plaintiff in overloading the counter-balancing device on the fire escape ladder. The court said:

"We know of no law, nor have we been cited to any, which would justi-

---

1. See plaintiff's answers to interrogatories, Nos. 1, 3, 5, 6, 9 and 17, and paragraphs 3 and 4 of complaint.

2. See plaintiff's answers to interrogatories, No. 15(a).

3. See plaintiff's answers to interrogatories, No. 16.

4. See plaintiff's answers to interrogatories, No. 4.

fy a holding that a manufacturer's negligence in the fabrication of a product would justify recovery in an instance where the negligence and the resulting defect neither caused nor contributed to the occurrence of an accident. Nor do we perceive that there is anything inherently dangerous in a fire escape. The danger which came into being in the instant case was not the result of any negligence of the defendant Temple, but was created solely and entirely by the negligence of another party who had no connection with the defendant." Pouncy v. Temple, 41 So. 2d 139, 2 Cir. (1949).

Plaintiff, mistakenly, relies in his brief on the same case in support of his theory, and quotes from it the following:

"It is entirely conceivable that an automobile might be afflicted with a number of defects occasioned by negligence in design, fabrication or assembly of a manufacturer. But in order for a driver to recover for injuries sustained in an accident it would be incumbent upon him to allege and prove that these defects or one of them was the proximate, moving and efficient cause of the accident." Pouncy v. Temple, 41 So.2d 139, 2 Cir. (1949).

It is obvious that the paragraph quoted immediately above is opposed to plaintiff's argument. The "accident" in the instant case was occasioned by the action of the mother of the child, and her loss of control of the automobile for reasons stated to be unknown to plaintiff,[5] which caused the car to leave the road and strike a tree on the side of the highway with such force that, judging from the amount of the repair estimate, the car was almost completely demolished.

Unless the alleged breach of warranty was the proximate cause of the minor's

injuries, however, no cause of action exists. In order for plaintiff to recover, if this case were tried, it would be necessary to reach the preposterous conclusion that (1) a causal relation existed between the failure of the car seat and plaintiff's automobile being driven out to control and eventually crashing into a tree, or (2) that the injuries would have occurred even in the absence of the collision. (The damages to the front of plaintiff's vehicle were so extensive that the lowest repair estimate was $1,500.00.[6] The liability insurer of plaintiff paid the sum of $2,300.00 to plaintiff for damages to the automobile in exchange for the damaged automobile.) [7]

The failure of the car seat under the tremendous impact of the collision between the automobile and the tree, if it can be said to be a cause of the injuries to the child at all, was at best a remote cause constituting no actionable negligence.

The assured's negligence not only must have been the cause of the injury but it must have been the proximate cause in order for plaintiff to recover.

"It is indeed well settled in our law of negligence that unless an act either of commission or omission can be said to be a proximate cause of a resulting injury, it does not afford a basis for liability." Harvey v. Great American Indemnity Company, 110 So.2d 595, La. App., 2 Cir. (1959).

In Ardoin v. Williams, 108 So.2d 817, La.App., 2 Cir. (1959), the court said:

"Proximate and remote causes are explained by a leading authority:

"'Perhaps the best, as well as the most widely quoted, definition is the following: "The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening

---

5. See plaintiff's answers to interrogatories, No. 4.

6. See plaintiff's answers to interrogatories, No. 11.

7. See plaintiff's answers to interrogatories, No. 12.

924

cause, produces the injury, and without which the result would not have occurred." Other definitions which have received judicial approval are: "The one that necessarily sets the other causes in motion, and brings about the result without the intervention of any force started and working actively from a new and independent source."

" ' By remote cause is intended that which may have happened, and yet no injury have occurred, notwithstanding no injury could have occurred if it had not happened; that cause which some independent force merely took advantage of to accomplish something not the probable or natural effect thereof.' 38 Am.Jur., page 695, Sec. 50. * * *

"The following quotation is likewise apropos:

" 'Where, in the sequence of events between the *original default* and the *final mischief* an *entirely independent and unrelated cause* intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the the proximate cause and the other as the remote cause.' Atchison, T. & S. F. R. Co. v. Calhoun, 213 U.S. 1, 29 S.Ct. 321, 323, 53 L.Ed. 671." (Emphasis supplied.)

Applying the above-quoted definition to the alleged facts here, the alleged defective baby car seat is the "original default"; the child's injuries are the "final mischief"; and the collision of plaintiff's car with the tree after going out of control is the "independent and unrelated cause" which is the sole, proximate cause of the injuries complained of. The alleged defective car seat is merely the remote cause, and as such is not actionable.

This is clearly the situation contemplated by the Federal Rules of Civil Procedure for summary judgment proceedings. To try the matter would serve no useful purpose. The court would be bound to direct a verdict for defendant.