PRICE, Judge.
This suit was consolidated for the purpose of trial and appeal with Waites v. State Farm Mutual Automobile Insurance Company et al., La.App., 210 So.2d 564, and Tyler v. Great American Insurance Company et al., La.App., 210 So.2d 565. All of these actions arose out of an accident which occurred on the afternoon of January 7, 1965, on U. S. Highway 171 in Caddo Parish, approximately six miles south of Shreveport. The three vehicles involved were a 1956 Ford automobile owned and operated by Elizabeth Waites, a 1963 Ford automobile owned and operated by C. C. Nash, and a 1961 Nash automobile owned and driven by Martha L. Tyler. American Fidelity Fire Insurance Company was the collision insurer of the vehicle owned by Mr. Nash. American Fidelity Fire Insurance Company, having paid the auto damages to Mr. Nash and having become subrogated to his rights, seeks to recover the amount paid from the defendants, Martha L. Tyler and her liability insurer, State Farm Mutual Automobile Insurance Company. Mr. and Mrs. Nash joined in the suit, asking for the cost of automobile repairs not covered by insurance, and for personal injuries against these same defendants.
A third party petition was filed by Martha L. Tyler and State Farm Mutual Automobile Insurance Company against C. C. Nash and his liability insurer, Great American Insurance Company of New York. By this demand third party plaintiffs have asked that should judgment be rendered against them for personal injuries to Mrs. Nash, that they have judgment for a like amount against Mr. Nash and his insurer. It is contended that Mr. Nash was guilty of negligence which was the proximate cause of the accident, and, alternatively, that his negligence was a proximate cause of the accident and he was a joint tort feasor in respect to his wife who was a guest passenger in his automobile.
After trial on the merits judgment was rendered in favor of American Fidelity Fire Insurance Company and against Martha L. Tyler and State Farm Mutual Automobile Insurance Company for $939.50. There was also judgment for C. C. Nash against these same defendants for $100.00. The demands of the third party plaintiffs were rejected. From this judgment defendants and third party plaintiffs have prosecuted' this appeal.
The Court finds the following facts to have been established by the evidence:
The Waites auto was proceeding south on U. S. Highway 171 at a rate of speed between 35 and 50 miles per hour. It was being overtaken by the Nash vehicle which was traveling in the same direction at a speed of between 50 and 60 miles per hour. At the time of this accident, Highway 171 was a two-lane highway. The two vehicles had crossed a bridge which is some 200 feet north of a graveled crossover road that connects a section of old U. S. Highway 171 on the east to New Highway 171 on which these vehicles were traveling. Just after crossing the bridge Mr. Nash pulled into the left or easterly lane to pass the Waites’ vehicle. After Nash’s vehicle pulled abreast of the Waites automobile the Tyler vehicle pulled from the connecting gravel crossover into the northbound lane and a collision occurred between the vehicles driven by Mrs. Tyler and Mr. Nash. A second collision then occurred between Mr. Nash’s automobile and the Waites vehicle.
The evidence reflects that there is a stop sign commanding traffic on the- crossover to stop before proceeding onto Highway 171 which is the favored right-of-way.
*563 Plaintiffs in this suit allege that Mrs. Tyler’s actions in failing to yield the right-of-way at a stop sign and proceeding onto the favored highway without first ascertaining that her way was clear, was the sole proximate cause of this accident. Defendants contend that the gravel crossover from which the Tyler vehicle emerged was an intersection and that the action of Mr. Nash in passing another vehicle within 100 feet of this intersection was prohibited by LSA-R.S. 32:76(A) (2) and that this was either the sole proximate cause, or at least a contributing cause of the accident.
We do not find it necessary to determine whether or not the gravel crossover was an intersection within the meaning of this prohibitory statute. It is our opinion that the sole and' proximate cause of this accident was the negligence of Mrs. Tyler in proceeding onto the highway without first ascertaining that she could do so safely.
It would be immaterial in this case whether Mrs. Tyler was proceeding from a roadway classified as an intersection within the purview of the statute cited or from a private driveway. Even conceding that the crossover was an intersection and that Mr. Nash was in the left lane within 100 feet of same, which would have constituted negligence per se, his negligence must be shown to have been a cause of the accident before he may be held liable.
The case of Hoover v. Wagner, 189 So.2d 20 (La.App., 1st Cir., 1966), is factually very similar to this case. The Court there found the driver of a passing vehicle at a “T” intersection guilty of negligence per se, having violated the provision of the prohibitory statute. However, the court, in finding that this negligence was not the proximate cause of the accident, made the following analysis of the relationship between per se negligence and the doctrine of proximate cause:
“Conceding our complete accord with the now well established rule that violation of the hereinabove cited statutory prohibition against passing at an intersection constitutes negligence per se, we are nevertheless unaware of any rule to the effect that such violation ipso facto renders the offending driver liable for all injuries which may result therefrom to other parties regardless of the attending circumstances.
“It is elementary that negligence is not actionable unless it constitutes a proximate cause of the injury sued upon, Home Gas & Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252; Bodan v. American Employers’ Insurance Company, La.App., 160 So.2d 410, or as stated by the Supreme Court in Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, et al., 242 La. 471, 137 So.2d 298, unless it amounts to a cause in fact of the accident.

“It is also the firmly entrenched law of this state that to constitute proximate cause as distinguished from remote cause, the negligent act must be the primary or moving cause of the injury, or that cause which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the accident could not have happened, provided the injury is of a nature reasonably anticipatable or foreseeable as a natural consequence of the wrongful act. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298; Sumrall v. Aetna Casualty & Surety Company, La.App., 124 So.2d 168; Harvey v. Great American Indemnity Company, La.App., 110 So.2d 595; Ardoin v. Williams, La.App., 108 So.2d 817.
“Resolution of the question of proximate cause as relates to a tort action depends in large measure upon the facts and circumstances of each individual case. Penton v. Sears, Roebuck & Co., La.App., 4 So.2d 547.”
The testimony of the driver of the Waites vehicle and the plaintiff, Nash, corroborated *564 by the physical evidence of point of impact to the automobiles involved, indicates that the Nash car was abreast of and slightly forward of the Waites automobile at the time of the collision with the Tyler vehicle. Since the Nash vehicle pulled into the left lane some 200 feet or more prior to the point of the intersection, we conclude that it must have been in the left lane and passing the Waites vehicle when Mrs. Tyler" drove onto the highway into its path. The roadway was straight and level in this vicinity with no obstruction to view. Mrs. Tyler testified that she had parked her vehicle some IS feet from the main roadway and had stepped out to look at some cows. She further testified she looked both ways before re-entering her car and saw no traffic coming from the south but did see two cars traveling from the north in the west lane approximately on the bridge. She stated she entered her car, started the engine, shifted the manual gears and pulled up to the edge of the highway. According to her testimony the Waites car was almost in front of her as she pulled onto the highway, and the Nash vehicle suddenly whipped out from the right to the left lane and struck her car. This testimony of Mrs. Tyler cannot be reconciled with that of the drivers of the other vehicles involved.
Elizabeth Waites testified' that she saw Mr. Nash’s vehicle overtaking her gradually and that he began his passing maneuver in the vicinity of the bridge. This is contrary to Mrs. Tyler’s testimony that the Nash vehicle suddenly whipped out from behind the Waites automobile just at the intersection. ,
To give effect to the testimony of Mr. Nash and Mrs. Waites it must be concluded that Mr. Nash’s automobile pulled into the left lane near the bridge and at least 200 feet from the intersection. Mr. Nash’s vehicle was proceeding within the speed limit, and there was no indication at the time he began passing that the Tyler car was about to pull onto the highway. Mr. Nash had no opportunity to take evasive action to prevent this accident.
We are of the opinion that the sole and proximate cause of this accident and the injuries resulting therefrom was the negligence of Mrs. Tyler in failing to yield the right-of-way to Mr. Nash’s vehicle, which she either saw or should have seen occupying the east lane and engaged in a passing maneuver.
For the foregoing reasons the judgment appealed from is hereby affirmed at appellants’ cost.