DORÉ, Judge.
This case involves a collision which occurred on December 4, 1949 at 9:00' p. m. on highway 78, at a point two miles east of Galiano in the Parish of Lafourche, between two trucks traveling north on said highway and an automobile parked on the east shoulder of said highway. The lead truck belonged to Wilbert Pierce and was 'being driven by one Gregoire in the course of his employment by thé owner, and the truck following belonged to the Morgan City Canning Company, Inc. and was being driven by Stanley Crochet in the course of his employment by said canning company, and the parked automobile belonged to Simon Duet and was then in charge of Larry Terrebonne with Duet’s knowledge and consent. The facts show that the Pierce truck and the Morgan City Canning Company truck left Grand Isle together each with a load of seafood and that they were traveling together headed for Houma, Louisiana, with the full knowledge and understanding of each driver. The Duet car was being driven south by Larry Terre-bonne accompanied -by Mr. and Mrs. Walter Pitre and their little daughter, Sally Jane Pitre, aged five years. As the Duet car approached the point of the accident, which was near the home of the Pitre family, a remark was made by either Mr. or Mrs. Pitre that they were arriving near their •home and at that time the little daughter threw the house keys out of the left hand window of the car. The Pitres testified that they thereupon requested Larry Terre-bonne to park his car on the left hand side of the highway between the pavement and Bayou Lafourche s'o that they could retrieve the house keys -and that Larry Terre-bonne did so. After the car was parked, the driver got out and permitted Mrs. Pitre who was sitting in the middle, to alight from the car and to go- in the back thereof to search for the keys. It is shown that at that time, the car was parked with its lights turned on dim, either completely on the shoulder or at an angle with the right rear wheel and fender protruding unto the pavement not more than two feet. Meanwhile the Pierce truck followed by the Morgan City Canning Company truck approached the scene and at just about the time that Mrs. Pitre had reached a distance of six or seven feet to the rear of the parked automobile the Pierce truck was struck from behind by the Morgan City Canning Company truck and was pushed by the -collision unto the Duet automobile- causing damage to the Pierce truck in the amount of $425.38 and causing damage to the Duet automobile in the alleged amount of $126.13.
Wilbert Pierce was covered by insurance by The Travelers Insurance Company to the extent o-f $133.23 and accordingly he and the said insurance company, are the plaintiffs 'herein, Pierce suing for the amount of $292.15 and The Travelers Insurance Company for the amount of $133.-23, naming as defendants, Morgan City Canning Company, Inc., and the driver of its truck, Stanley Crochet, and Simon Duet, *682 owner oí the parked automobile and his insurer, Preferred Accident Insurance Company of New York. In other words, the petition in effect alleges that the defendants were joint tort feasors. The specific acts of negligence charged against defendants Morgan City Canning Company, Inc. and Stanley Crochet are as follows:
“1. Operating said vehicle at an excessive rate of speed, that is to say 50 miles per hour, same being then excessively loaded with seafood;
2. In traveling too near to the rear of the Pierce vehicle;
3. In failing to keep a proper lookout;
4. In failing to take the necessary precautions to halt his vehicle when first warned by Gregoire of impending danger;
5. In failing to stop his truck and keep it under control;
6. In hitting and crashing into the rear of the Pierce vehicle;
7. In generally operating said vehicle in a reckless and careless manner.”
The specific acts of negligence charged to the driver of the Duet automobile are as follows:
“1. In driving an automobile without a driver’s license;
2. In failing to keep a proper lookout;
3. In pulling over to the left in front of on-coming traffic;
4. In parking on the left side of a highway while leaving his lights burning;
5. In leaving the rear portion of his automobile on the paved portion or traveled portion of said highway;
6. In generally operating the Duet automobile in a reckless and careless manner.”
The defendants Morgan City Canning Company, Inc., and Stanley Crochet filed a joint answer in which they admit that the accident happened at the time and place alleged but in which they deny that the accident was caused by any negligence on the part of Stanley Crochet. The defense is to the effect that Stanley Crochet was traveling to the rear of the Pierce truck at a safe distance and at a lawful and reasonable rate of speed; that the Duet automobile driven by Larry Terrebonne was traveling in an easterly direction and that said Terrebonne cut across to' the left into the path of the Pierce truck and came to a stop with the rear portion of the automobile remaining on the highway; that the Pierce truck came to a sudden stop without giving any signal or warning to the respondent Stanley Crochet, and that because of said sudden stop without warning or signal, the truck driven by Crochet ran into the rear of the Pierce truck; that at the time of the impact Crochet was traveling at a slow rate of speed and in a careful and prudent manner and that no act of omission or commission on his part contributed to the accident. In the alternative, the defendants specially plead contributory negligence on the part of the driver of the Pierce truck for the following:
“a. Failure to keep a proper lookout;
b. Coming to a sudden stop without giving any signal or warning;
c. Failure to keep his automobile under proper control.”
The defendants Simon Duet and Preferred Accident Insurance Company filed a joint answer wherein they also admit the actual accident but deny the material allegations of plaintiff’s petition and particularly that the driver of the Duet automobile was in any way negligent. Their answer sets forth that the accident was due solely to the negligence of t'he driver of the Pierce truck and particularly in the following respects :
“1. In failing to keep a proper lookout.
2. In travelling too near the parked Simon Duet car.
3. In stopping suddenly on a paved highway without giving any signal or warning to traffic approaching from the rear.
4. In stopping on the said paved highway when he could have easily continued without colliding with the Pierce, truck nor crossing into the left lane of oncoming traffic.
5. In hitting and crashing into' the right side of the Simon Duet auto *683 mobile and generally operating the Pierce truck in a reckless and careless manner.”
In the alternative they specially plead contributory negligence based on the acts of the driver of the Pierce truck above set forth.
The respondent, Simon Duet, then assumes the position of plaintiff in reconvention on the allegations that the collision was caused solely by the negligence of the driver of the Pierce truck, and alleges that the automobile was damaged to the extent of $126.13 and prays for judgment in that sum against the plaintiff Walter Pierce.
After trial of the case, the District Court, without assigning written reasons, granted judgment in favor of the plaintiff, Wilbert Pierce and against the defendants Simon Duet and Preferred Accident Insurance Company, jointly and in solido in the full sum of $292.15 with legal interest and cost and rendered judgment in favor of plaintiff, The Travelers Insurance Company against defendants Simon Duet and Preferred Accident Insurance Company, jointly and in solido, in the sum of $133.23 with legal interest and costs. The trial court rendered further judgment dismissing the reconvential demand of Simon Duet and further judgment in favor of defendants Morgan City Canning Company, Inc. and Stanley Crochet and against the plaintiffs Walter Pierce and The Travelers Insurance Company dismissing their suit in so far as these defendants are concerned at the cost of plaintiffs.
The defendant Simon Duet has appealed from this judgment, again contending that the driver of the Duet automobile was free of negligence and that the accident was caused solely by the negligence of the driver of the Pierce truck, and that accordingly the judgment should be reversed in so far as defendant Simon Duet is concerned and that his reconventiohal demand should be allowed. This defendant again, in the alternative, specially pleads contributory negligence on the part of the plaintiffs and that the judgment of the lower court should be reversed, the plaintiffs demand denied and that they be condemned to pay all costs of this proceeding. In the further alternative, should the court find that the plaintiffs were not guilty of contributory negligence, then the defendant appellee, the Morgan City Canning Company, Inc. should be found guilty of gross negligence constituting the proximate cause of the accident and be condemned to pay all costs.
The plaintiffs have also appealed in so far as the defendants, The Morgan City Canning Company, Inc. and Stanley Crochet are concerned, praying that the judgment be amended so as to condemn these two defendants in solido with the defendants Duet and Preferred Accident Insurance Company.
In so far as the defendant Preferred Accident Insurance Company is concerned, the record shows that they made no appearance in this case except by the filing of a notice consisting of a copy of a petition by the Superintendent of Insurance of the State of New York for an order to take possession of the property and liquidate the business and affairs of the Preferred Accident Insurance Company of New York. In other words, the parties to this suit had notice that tihe said insurance company was in the process of liquidation, and it is not incumbent on this court, in the absence of any appeal by the insurance company, to determine whether or not the judgment against it is valid.
This case involves principally questions of fact and since we have not been favored with any written reasons for the judgment by the trial judge, we do not know what his conclusions were. However, the pertinent facts seem to be fairly well established by the evidence.
First, with reference to the parked automobile, it is positively testified by Mr. and Mrs. Pitre, the occupants thereof, and by the stipulated testimony of Larry Terre-bonne, the driver thereof, that the car was parked completely on the east shoulder of said highway with the dim lights burning just prior to the accident. The driver of the Pierce truck contradicts that testimony slightly by stating that it was parked at an angle with the right rear wheel and fender extending unto the pavement about two feet. The driver of the Morgan City Canning Company truck also claims that *684 the right rear of the car protruded unto the pavement. He bases his statement on a skid mark one foot long from the shoulder which he observed after the accident. The only testimony we have with reference to the width of the shoulder is that of Mrs. Pitre who states that there was a distance of about six and one half feet between the pavement and a ditch to the east; that in alighting from the car in. her search for the house keys, she had .been forced to step into this ditch. Mr. Pitre testified that when they parked, he looked out on his side which was next to the pavement, and clearly observed that the car was completely off the pavement. It is to be noted that these witnesses were in a much better position to judge whether or not the car was completely off the pavement than the ■oncoming truck drivers. In any event, it •cannot be concluded that the car protruded unto the pavement more than two feet and since the 'highway contained an eighteen foot slab of pavement, it is clear that the trucks had a passing lane of about seven feet.
The driver of the Pierce truck states that he observed the Duet car crossing over to its left of the highway at a distance of about two hundred feet and that at that time the Duet car was burning its bright lights and as he reached a point of about one hundred feet, the Duet car pulled over towards the shoulder and turned on its dimmers and parked, and as stated before, with the right rear protruding on the pavement about two feet. He further states that the Duet car was being followed by another automobile and that consequently he decided that he probably could not pass it until the other automobile coming from the other direction had passed him; that accordingly he slowed down to about four or five miles per hour and that as the other car passed him, he veered slightly to the left and at that time defendant Crochet ran into his truck causing him to collide into the Duet car on its right rear side.
The defendant Crochet admits the collision but contends that some distance from the scene he was blinded by the lights of the Duet car and that as a result of being blinded he lost sight of the Pierce truck and in effect figured that it had gone ahead and that he did not see it again until about 20 or 50 feet from the collision at which time it was rolling slowly. In their answer the defendants had claimed that the Pierce truck had made a sudden stop. It does not seem reasonable to us that Crochet was blinded by the lights of the Duet car as he claims since he was driving behind the stake body Pierce truck and naturally was thereby protected from the lights of the oncoming Duet car. It seems more reasonable to- conclude that he was driving his heavily loaded truck too close to the Pierce truck and was for that reason unable to stop it in time to prevent the collision when the Pierce truck slowed down.
Another inconsistency in the evidence is with reference to whether or not the driver of the Pierce truck indicated that ¡he was slowing down or about to stop. He testified that as he noticed the Duet car crossing the highway, he started indicating to the rear truck by means of a signal light that he was slowing down and further states that the signal light was operating because he could see through his rear view mirror that his lights were brighter while he pressed on his brakes. On the other hand, the defendant Crochet, claims that the signal light was working from Grand Isle to Golden Meadow, Golden Meadow being about six miles from the scene of the accident, but that at that point they went out ■completely. On that testimony, it is our conclusion that the preponderance of the evidence is to the effect that the signal lights were being operated and were working as testified by Mr. Gregoire, the driver of the Pierce truck. Be that as it may, we cannot help but conclude that defendant Crochet was guilty of gross negligence in following the Pierce truck at too close a distance to have complete control of his heavy truck. The two trucks left Grand Isle together to make the same trip and therefore he had full knowledge that in proceeding in the rear of the Pierce truck that he should keep a close lookout as to the actions of the driver thereof, which he obviously did not do since he states that he lost sight thereof and yet kept going at a rate of speed of about 20 or 25 miles per *685 hour. It is our opinion that the sole proximate cause of the accident was the carelessness of defendant Crochet in so driving his heavily loaded truck. Possibly the driver of the Pierce truck could be found guilty of some negligence in that he admits that he saw the Duet car far enough in advance to have come to a complete stop. If he had done so, possibly the Duet car would not have been damaged, but it is difficult to- see how this would have prevented defendant Crochet from colliding in the rear of the Pierce truck and we cannot see how the negligence of the Pierce truck driver, if there was any negligence at all, was the proximate cause of the accident.
Similarily, in so far as the driver of the Duet car is concerned, the only negligence that we can find is that he parked on the wrong side of the highway with his dim lights burning and possibly partly on the highway. In any event, his negligence, if any, was passive and as held by this court in the case of Williams et al. v. Pelican Creamery, Inc. et al., 30 So.2d 574, such passive negligence was merely a remote cause of the accident and the real intervening negligent acts of defendant Crochet became the proximate cause thereof.
It is our conclusion that the negligence of the driver of the Pierce truck and the the Duet automobile, if any, did not constitute a proximate cause of the accident herein involved but that it resulted solely and entirely from the gross negligence of-the defendant Crochet, driver of the Morgan City Canning Company truck.
For these reasons the judgment is reversed and recasted so as to read as follows :
That there now be judgment in favor of plaintiff Wilbert Pierce and against the defendants Morgan City Canning Company, Inc. and Stanley Crochet, jointly and in solido, in the sum of $292.15 with legal interest from judicial demand and all costs; and
Judgment in favor of plaintiff, The Travelers Insurance Company and against the defendants Morgan City Canning Company, Inc. and Stanley Crochet, jointly and in solido, in the sum of $133.23 with legal interest from judicial demand and for all costs; and
That the judgment in favor of plaintiffs Wilbert Pierce and The Travelers Insurance Company and against the defendant Simon Duet is reversed, annulled and set aside, and plaintiffs’ demands rejected in so far as the said defendant Simon Duet is concerned; and
That the judgment below in other respects is affirmed.