JONES, Judge ad hoc.
The Pennsylvania Fire Insurance Company, the collision insurer of the Ford automobile owned by Ozie Beauford, brings this suit as subrogee of the owner for property damages to said automobile in the amount of $301.26. The owner, Beauford, seeks to recover the $50 deductible provided in said policy. The defendant in this suit, O. M. Wright, is the owner of one Thunderbird Ford automobile and it is contended by the plaintiff that it was his act of negligence in leaving the Thunderbird partially *236 parked on the paved portion of the highway which is the proximate cause of this accident.
From a judgment in favor of the plaintiff in the District Court, the defendant has appealed.
About 1:00 A.M. on the night of October 7, 1957, on U. S. Highway No. 61, about five miles south of the City of Baton Rouge, an automobile accident occurred between a Thunderbird Ford automobile parked without lights and a 1957 Ford sedan owned by the plaintiff, Beauford, and driven by one Cummings at the time of the accident.
The facts reflected by the record are as ■follows: On the night above set forth, State Troopers Bordelon and Connor were on patrol in a state police car on Highway 61, south of Baton Rouge. This is a four lane highway with a neutral ground in the center thereof. The troopers were proceeding in a southerly direction, or toward the town of Lutcher, La., when they observed a Ford Thunderbird proceeding without lights in a northerly direction, toward the City of Baton Rouge. At the first opening in the neutral ground, they turned around and pursued the Thunderbird and its driver, at which time they had their siren blowing and the red light burning on top of the police car. When they pulled along side the Thunderbird, they ordered the driver thereof to pull off to the side of the road and he was following their instructions and they, the officers, were attempting to drive off the highway and proceed in the rear of the Thunderbird, when the police car was struck in the rear by a Ford driven by a teenager named Burke. As a result of this collision with the Burke car, the police car was hit with such force that it turned over twice and landed with the wheels up in the ditch, along side of the highway. The Burke car came to rest crosswise the west half of the north traffic lane, about four feet further to the north than the Thunderbird. The evidence reflects that no lights were on the Thunderbird at the time of the collision of the Burke vehicle, with the police car, and there were no lights on the Burke vehicle immediately after the collision.
The 1957 Ford owned by the plaintiff, Beauford, and being driven by the passenger, Cummings, was proceeding north on Highway 61 and shortly after the accident between the police car and the Burke vehicle, this 1957 Ford arrived at the scene. Cummings testified he saw the Thunderbird when he was about 100 feet from it and the left rear wheel of the Thunderbird was about one foot on the east side of the northbound traffic lane; that he cut his car to miss the Thunderbird and when he did so, he saw the Burke vehicle crosswise the west side of the northbound traffic lane, with a person hanging out the door thereof; that he cut his car in order to miss the Burke vehicle and in doing so, the right front fender of his car hit the left rear fender of the Thunderbird, causing the damage, which forms the basis of this suit.
It is the contention of the plaintiffs that the defendant, Wright, was negligent in leaving his vehicle unattended on a heavily traveled highway; not having any lights burning on the vehicle; not warning the oncoming traffic of his unlighted vehicle on the highway, all in violation of the laws of the road and the State of Louisiana.
The defendant denies any acts of negligence on his part and alleges that at the time the Thunderbird automobile was struck by the 1957 Ford of the plaintiff, it was situated off the traveled portion of said highway. He further alleges that the accident was fully and completely the fault of the driver of the 1957 Ford, in that he didn’t keep a proper lookout ahead; that he was driving at an excessive rate of speed at the time and place of the accident, and failed to maintain proper control of said automobile. He pleads in the alternative if the Court finds he was guilty of any negligence, at the time of the accident, then Cummings, the driver of the plaintiff’s car, who was driving under the direction and control of the plaintiff, was guilty of *237 contributory negligence, which bars the plaintiff’s recovery.
The record reflects that immediately prior to the accident and at the time thereof, there were no lights on the Thunderbird. As a matter of fact, the only thing lit about the Thunderbird was the driver thereof. The evidence is convincing that he was thoroughly inebriated at the time of the accident. From the testimony given by him, he was not even sure that the lights were burning on his car. In spite of this, he was positive the left rear wheel of his car was not parked at least one foot in the east side of the northbound traffic lane of said highway. On the other hand, Sgt. Cummings, the driver of the 1957 Ford, owned by the plaintiff, Beauford, was positive the left rear wheel of the Thunderbird was at least a foot within this traffic lane. There was only one other witness who testified about the location of the Thunderbird. This was Trooper Bordelon and he was not positive whether the Thunderbird was parked on or off the highway, for at the time, the police car was catapulted into the ditch by the Burke vehicle. Trooper Connor did not testify as he died prior to the trial.
Thus, there are only two witnesses as to the location of the Thunderbird, one being the defendant, Wright, who was not positive whether or not the lights were burning on his vehicle, but was very positive it was parked off the highway and on the shoulder of the road. The other witness, the driver of the 1957 Ford, Cummings, who was positive the Thunderbird was parked at least one foot into the east side of the northbound traffic lane, and, who, apparently, was in possession of all his faculties. Under the circumstances, the testimony weighs in favor of the plaintiff that the Thunderbird was parked at least one foot in the east side of the northbound traffic lane.
Immediately prior to the accident, Cummings was operating the 1957 Ford at a reasonable rate of speed of approximately 50 miles an hour. He didn’t see the Thunderbird until he was 100 feet from it. The evidence shows the Thunderbird was a convertible and had no top on it. Thus, its height was about one-half that of an ordinary automobile. Of course the Thunderbird was unlighted and unattended for the defendant was trying to assist the police officers, who were in the ditch at the time of the accident. Most assuredly the Thunderbird, parked as it was, constituted an unexpected and unusual obstruction, which Cummings, the driver of the 1957 Ford, had no reason to anticipate he would encounter on the highway. Neither did he have any reason to expect or anticipate that on the west side of the northbound traffic lane, there would be another car parked across the west lane without lights and only four feet north of the parked Thunderbird. In striking the Thunderbird under the circumstances, Cummings, the driver of the 1957 Ford, was guilty of no negligence, Vowell v. Mfrs. Casualty Insurance Co., 229 La. 798, 86 So.2d 909. The proximate cause of this accident was the parking of the Thunderbird by the defendant without lights and unattended, with its left rear wheel at least one foot in the east side of the northbound traffic lane.
The cases Pierce v. Morgan City Canning Co., La.App., 55 So.2d 680 and Dollar v. Aetna Casualty and Surety Co., La.App., 37 So.2d 549, relied on by the defendant, are not apposite, for in each of said cases, the factual situation presented was far different. In the Pierce case, the Duet car, which was parked on the wrong side of the highway and partially on said highway, had its lights burning. As a result of this Duet car being parked, a truck being driven by one Walter Pierce slowed down and was about to stop when he was struck by a truck driven by one Crochet, said truck being owned by the Morgan City Canning Co. Also, the evidence showed it was 9:00 o’clock at night and the parked Duet car, as well as the Pierce truck, had their lights burning. The facts of the Dollar case, supra, show that a truck was parked on the *238 highway about 2:30 P.M., of course m the daytime. This large truck parked in the day time, about a quarter on the highway, didn’t constitute an unexpected and unusual obstruction, which the plaintiff in that case had no reason to anticipate that he would encounter on the highway.
As the estimate of the cost of the repairs to the 1957 Ford automobile, as a result of this accident, amounted to $351.26, and judgment of the trial court, allowing insurer subrogee $301.26, together with interest thereon at 5% per annum from date of judicial demand until paid, and allowing the plaintiff, Ozie Beauford, the sum of $50, with interest at the rate of 5% per annum from date of judicial demand until paid, will be and the same is hereby affirmed, appellant to pay the cost of this appeal.