TATE, Judge.
Linzay Brown, joined by his collision insurer as subrogee, brought suit to recover $480.13 damages sustained by his Ford automobile in a collision with a Plymouth driven by Plarris, the defendant’s - insured. The defendant appeals from judgment in plaintiffs’ favor as prayed for.
The accident occurred on November 7, 1955 in open country about three miles north of Eunice on Louisiana Highway 29, which has a two-laned black-top surface, 18' in width. The principal question posed by this appeal is whether Bruce Brown, plaintiff’s minor son who was driving his Ford northward at the time of the accident, was deficient in lookout in failing to observe the Harris Plymouth protruding sideways from the highway shoulder onto Bruce’s (the east) traffic lane, so that Bruce’s negligence caused or contributed to the accident.
The accident occurred after dark, shortly before 9:00 P.M. The defendant’s insured, Harris, a high school student, had driven his father’s new Plymouth from Eunice along Highway 29. After proceeding about three miles, he decided to return to that city, and he slowed his vehicle. He overshot a farm driveway on his right (east) side of the highway; backed his car from the east lane of the highway into the driveway; pulled out into the roadway again intending to back up once more to complete his turn back south — when he became confused and was unable to find the “reverse” push button drive, new with that year’s model of Plymouth automobiles.
Harris’ written statement taken by his own insurance adjuster was admitted in lieu of his own testimony since he was unavailable at the trial.' In it he states that when he first stopped he had observed the headlights of what turned out to be plaintiff’s car at an estimated distance of two miles approaching from Eunice, and that he pulled out into the road again “and stopped with the front of my car about three or four feet out on the right [east] lane. Just then the headlights of this oncoming car was pretty close up to us. The car I was in had push buttons drive and before I could push the reverse button again I heard brakes squealing and the front of this oncoming car ran into the left front side of my car.”
The testimony of plaintiff’s driver and of the three passengers in plaintiff’s car was to the effect that they had been approaching the driveway at a speed of approximately 60 mph and that they did not notice the Harris Plymouth until within about 100-120 feet from it because its headlights shone forward across the highway into the field and the taillights of course pointed toward the farmhouse in the rear' of the vehicle and could not be observed from the highway. Immediately upon observing that the Plymouth was protruding into his lane, the plaintiff’s driver applied his brakes but was unable to avoid colliding with the Harris vehicle. The State Trooper found that skid-marks of approximately 108 feet in length had been made by the Brown Ford prior to the impact.
In urging that the award be affirmed, plaintiff argues that the evidence supports a finding that the Harris Plymouth suddenly entered the through highway from the private driveway to its east in derogation of the right of way of his driver, who was proceeding at a reasonable and lawful speed and who was unable reasonably to avoid an accident after such sudden entry by inferior traffic. See, e. g., Franklin v. Holomon, La.App. 1 Cir., 110 So.2d 776. Plaintiff alternatively contends that even if Harris were stopped protruding onto .the highway for any appreciable length of time, such unlawful and grossly negligent protru *863 sion into the travelled lane of the through highway could not be reasonably observed sooner than it was, and that thereafter the plaintiff immediately applied his brakes and took all reasonable steps to avoid the accident in the emergency created solely by the gross negligence of defendant’s driver.
Defendant, on the other hand, contends that the plaintiff’s driver was grossly negligent in lookout in failing to observe its insured’s vehicle stopped protruding into the highway fully lit and shining across the roadway, so that a proximate cause of the accident was plaintiff’s driver’s failure to maintain an adequate lookout and to avoid hitting the clearly visible Plymouth insured by it. Washington Fire & Marine Ins. Co. v. Canal Ins. Co., La.App. 1 Cir., 110 So.2d 231; Beard v. A. R. Blossman, Inc., La.App. 1 Cir., 94 So.2d 87. Defendant further contends that, in fact, it is entitled to judgment upon its reconventional demand for damages sustained by the Harris Plymouth, being subrogee under a collision policy, since the plaintiff’s driver had the last clear chance to avoid the accident since he should have seen and could have avoided hitting the disabled Harris vehicle which was, in effect, stalled and helpless protruding into the highway. Alvares v. Rush, La.App. 2 Cir., 108 So.2d 797; Rector v. Allied Van Lines, La.App. 2 Cir., 198 So. 516.
Under the circumstances reflected by the present record we do not believe that the trial court erred in holding that the sole proximate cause of the accident was the negligence of defendant’s insured in letting the front end of his car protrude into plaintiff’s driver’s traffic lane on the through highway. We doubt that any appreciable time interval elapsed after defendant’s driver pulled from the driveway into the through highway when the headlights of the oncoming car were “pretty close” to him and as he fumbled for the “reverse” push button to take his car back to safety. But even conceding that the Harris Plymouth stayed stalled protruding onto the highway for a few seconds, “a motorist [such as plaintiff’s driver] traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway” (Vowell v. Manufacturers Cas. Ins. Co., 229 La. 798, 86 So.2d 909, at page 913) and is exculpated from negligence contributing to an accident alleged to arise from his failure to perceive such unexpected or unusual obstruction in his path, in the absence of a reasonable opportunity to observe the obstruction and thereafter to avoid the accident. Suire v. Winters, 233 La. 585, 97 So.2d 404; Pennsylvania Fire Ins. Co. v. Wright, La.App. 1 Cir., 110 So.2d 235. The driver of plaintiff’s vehicle, observing the Harris headlights shining across the road, was under no duty to anticipate that the driver of the Harris vehicle had with such gross negligence permitted the front end of his car to protrude onto the traveled lane of the through highway; and there is no evidence that such protrusion was evident to oncoming traffic any sooner than when, between 110-200 feet (including reaction time) from the point of impáct, plaintiff’s driver observed the danger and immediately applied his brakes, thereafter being reasonably unable to avoid the accident.
Nor can we sustain defendant’s further contention that plaintiff’s driver could have avoided the accident by veering to the left of the protruding automobile instead of applying his brakes and that such driver’s failure to do so is consequently a sole or contributory cause of the accident. Considering that plaintiff’s driver was confronted with an emergency when his path ahead was partly blocked through the gross negligence of the defendant’s driver, and when for instance he was unable to anticipate whether defendant’s car would continue out into and across the highway, as we observed under somewhat similar circumstances in Higginbotham v. Frazier, La.App. 1 Cir., 92 So.2d 89, at page 90, his “action in applying the brakes in response to this emergency suddenly created by de *864 fendant [instead of veering around the vehicle] is then deemed to be a consequence of defendant’s initial negligence. Lofton v. Cottingham, La.App. 2 Cir., 172 So. 377. See also LSA-R.S. 32:237, subd. E; McMorris v. Webb, La.App. 1 Cir., 67 So.2d 146; Dickinson v. Long Springs Lumber Company, La.App. 2 Cir., 32 So.2d 407.”
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.