This suit arose out of a collision between a bus operated by the Tri-State Transit Company and a car owned and operated by Luther Terry. The accident occurred on highway 80 approximately one mile north of the Village of Lucas.
The Calvert Fire Insurance Company, plaintiff in this suit, carried collision insurance on the car owned by Terry. The policy contained the $50 deductible clause. The damage to the Terry car caused by the collision was $335.69 and plaintiff paid to Terry, because of said insurance policy, the sum of $285.69. It then filed this suit against the Tri-State Transit Company alleging that the collision and damage were caused by the fault and negligence of the Transit Company's driver and employee.
Defendant denied the negligence of its employee and alleged that the accident was caused solely by the negligence of Terry, the owner of the damaged automobile.
In the alternative, it pleaded contributory negligence on the part of Terry. *Page 157 
The lower court awarded judgment for the plaintiff as prayed for and defendant is prosecuting this appeal.
Appellant in its brief in this court admits the negligence of the bus driver but seriously contends that Luther Terry was guilty of contributory negligence which was the proximate cause of the collision. It injects into the case the plea or doctrine of last clear chance.
The facts of the case are not difficult to arrive at. Terry was driving his car south on highway 20. He passed a fruit stand and his wife expressed a desire for some peaches. He slowed his car down and finally brought it to a stop. It had passed the fruit stand so he proceeded to back the car. He had not gone many feet backwards when he noticed one of the attendants of the fruit stand coming down the road toward his car with some baskets of peaches. As soon as Terry saw that, he brought his car to a stop with his right wheels off the right side of the concrete approximately two feet. The paved portion of the highway is 18 feet in width. The highway is level and straight for a distance of more than one-half mile at that point. Approximately 400 yards north of where Terry stopped his car the highway makes a curve but for a distance of 400 yards there is not anything to obstruct the view of or on the highway. The time was about 4:30 in the afternoon and the weather was clear. When Terry stopped his car the last time, the bus operated by defendant, which was also traveling south on highway 20, was approximately 200 yards north of the Terry car. It continued on its course without appreciably slackening its speed and ran into the rear of the Terry car causing the damage sued for here.
The last clear chance doctrine has no application to the facts of this case. The bus driver was grossly negligent and his negligence was the proximate cause of the collision.
Appellant contends that Terry was negligent in stopping his car on the paved portion of the highway and not leaving a clearance of at least 15 feet. The record fails to show whether or not there was a clearance of 15 feet on the pavement but, assuming there was not, it is certain that more than one-half of the paved slab was open for the bus to use and there was not an automobile in sight either north or south of the place of collision. If Terry did fail to comply with the law, which is not shown, his negligence would not have been and was not a proximate cause of the collision. The proximate cause of the accident was the failure of the bus driver to keep a proper lookout. He evidently was not looking ahead. If he had been he could have passed to the left of the Terry car with ease and in the same manner in which he passed other cars when overtaking them on the highway. The law holds him to see that which he should have seen.
The bus driver was on the lookout for pick-up passengers when he passed the fruit stand and he evidently looked for probable passengers too long. When he did focus his eyes ahead of him again, he was too close to the Terry car to avoid striking it.
There is no error in the judgment of the lower court and it is affirmed, with costs.