CHASEZ, Judge.
This is an action in tort instituted by Anthony Vosbein for damages to his automobile, medical expenses for injuries to his wife and loss of income from his wife’s business and by his wife, Effie Vosbein, for personal injuries, arising out of an accident which occurred on the Airline Highway in Jefferson Parish on January 15, 1959.
The accident occurred when a car driven by Frederick P. Arras struck the rear of plaintiffs’ car which had been parked on the Airline Highway for approximately ten minutes. Only Mrs. Vosbein was in the car at the time.
Although Mr. Arras was driving his personal automobile there was no dispute that he was engaged in the course and scope of his employment. The suit was brought by plaintiffs against Mr. Frederick P. Arras, his automobile liability insurer (Audubon Insurance Company), Colonial Sugars Company, and their liability insurer (Sun Insurance Company of New York).
After the trial on the merits, judgment was rendered in favor of plaintiffs. It was stipulated that the maximum liability of Audubon Insurance Company was $5,000.00 for injuries to one person in one accident, and $5,000.00 for property damage, and that no judgment could be rendered against the employer or its insurer until the policy limits of Audubon Insurance Company had been exhausted. The total judgment in *729 favor of Mr. Anthony Vosbein, exclusive of property damage, was $1,191.04 and that in favor of Mrs. Vosbein was $4,000.00. Accordingly, $5,000.00 was assessed to Audubon Insurance Company and $191.04 was assessed to Colonial Sugars Company and Sun Insurance Company. There is also a judgment in favor of Mr. Vosbein against Frederick P. Arras and Audubon Insurance Company in the amount of $643.76 for damage to his automobile.
Mrs. Vosbein appealed from this judgment for an increase for her personal injuries to $16,000.00. Neither the plaintiff Anthony Vosbein nor any of the defendants appealed from the judgment in favor of Anthony Vosbein. Defendants answered Mrs. Vosbein’s appeal and now contend that their answer also puts at issue on this appeal the judgment in favor of Mr. Vosbein.
Defendants’ counsel relies upon Stevens v. Liberty Mutual Insurance Company, 242 La. 1006, 141 So.2d 346, as sustaining defendants’ rights to prosecute an appeal against Anthony Vosbein merely by answering the appeal of Mrs. Effie Vosbein. In the cited case the Supreme Court had before it for review a ruling of the Court of Appeal, 133 So.2d 1, that an application for rehearing by one defendant was sufficient to allow the court to grant an unlimited rehearing as to all parties litigant. The lower court had decreed solidary liability as to all defendants and all of them appealed to the Court of Appeal. The Court of Appeal reversed the judgment of the trial court as to all the defendants except the one who applied for the rehearing. The Supreme Court upheld the ruling of the Court of Appeal on the ground that the application of the one defendant urging that he was guilty of no negligence and, alternatively, that there be judgment in solido against all the defendants was sufficient to allow the court to consider the entire case on rehearing as the defendant applying for the rehearing had an interest in seeking to have reinstated the judgment of the trial court decreeing all the defendants solidarily liable. This case is inapposite to the case at bar; none of the parties perfected an appeal from the judgment in favor of Mr. Vosbein.
The other two cases cited by defendants, Vidrine v. Simoneaux, La.App., 145 So.2d 400, and Sam v. Deville Gin, Inc., La.App., 143 So.2d 838, likewise are inapposite. In both those cases the appeal by one defendant was considered sufficient to allow the court to consider the claim of the plaintiff against another defendant against whom the suit had been dismissed. The basis for this decision was the fact that the appealing defendant was aggrieved by the dismissal of the suit against the other defendant and he should not be deprived of his right of appeal because neither the plaintiff nor the other defendant appealed. In the instant suit, defendants were not deprived of their right of appeal because of Mr. Anthony Vosbein’s failure to appeal, but because of their own omission to perfect an appeal. The judgment of the trial court in favor of Mr. Anthony Vosbein is final.
This suit arose out of an accident which occurred at approximately 1:50 p. m., on January 15, 1959, on the Airline Highway near the intersection of Ridgeway Drive in Jefferson Parish. At the time of the accident the weather was clear and the sun shining. The Airline Highway at the point of the accident is an eight lane thoroughfare, divided by a neutral ground, providing four lanes for traffic flowing in each direction.
About ten minutes prior to the accident Mr. Vosbein, a Deputy Sheriff in Jefferson Parish, in response to a summons for help, had stopped his car some forty feet beyond the signal light located at the intersection of Airline Highway and Ridgeway Drive. His wife was sitting in the car when it was struck from behind by the car driven by Mr. Arras. Plaintiffs claim that their car was parked partially on the highway with the left wheels on the roadway and the right wheels beyond the curbing. Mr. Arras and his daughter, a passenger in the car, both testified that the Vosbein car was stopped *730 entirely on the Highway in the extreme right traffic lane.
Mr. Vosbein testified that he observed the Arras car from a distance of seventy-five feet, that this car ran the red light at the Ridgeway Drive intersection and, without applying his brakes, Mr. Arras ran into the rear of the parked car, knocking it approximately twenty feet even though the emergency and parking brakes were on. On the other hand, both Mr. Arras and his daughter testified that they had stopped for tire signal light, that there were two cars ahead of them as they proceeded across the intersection on the green light at twenty miles per hour in the extreme right lane. They further stated that the two cars ahead veered to the adjoining left lane resulting in their being confronted by plaintiffs’ parked car which they struck in the rear. At the time the second car pulled out into the left lane, Mr. Arras admitted that his car was only seven to ten feet behind it.
The trial court held that the negligence of Mr. Vosbein in parking his car on the highway was neither the primary nor contributing efficient cause of the accident but that the primary and sole cause was the negligence of Mr. Arras in failing to act as a reasonable and prudent man under the circumstances.
Defendants here contend that Mr. Arras was not guilty of negligence and, in the alternative, that Mr. Vosbein was contribu-torily negligent in parking his automobile on the paved portion of the highway in violation of LSA-R.S. 32:241; thus barring any recovery by him. They further contend that Mrs. Vosbein was guilty of contributory negligence by remaining in the párked automobile.
In view of our conclusion that the judgment in favor of Mr. Vosbein is final, the determination of his negligence is not at issue before us as negligence by him could not be imputed to Mrs. Vosbein. The contention that Mrs. Vosbein was guilty of negligence by remaining in her husband’s car is without merit. As the record shows, the parking of the Vosbein car was unexpected, she did not know how to drive and she did not know how long her husband would be absent. Under the circumstances, her action in remaining in the car was that of a reasonable person.
The next question for our determination is whether defendant Arras was negligent in hitting the Vosbein automobile. The evidence discloses that the Vosbein automobile had been parked on the highway for ten minutes before being struck. Both Mr. Arras and his daughter testified that when they crossed the intersection, their car was the third one in line in the lane in which the Vosbein car was parked. Mr. Arras-claims that his view was obstructed by the two intervening cars. However, the second1 car in line was able to avoid the Vosbein car even though there was a car between it and' the Vosbein car. There can be no doubt that Mr. Arras was guilty of negligence in failing to see the stopped vehicle ahead and: avoiding the collision when, by his own testimony, other traffic was able to do so, particularly the two cars ahead of him. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298; Alvares v. Rush, La.App., 108 So.2d 797. His claim that it was his duty to observe only the one car ahead of his is unrealistic on such a heavily traveled highway when emergency situations constantly face drivers thereon.
That Mr. Arras did not have his car under the control which the circumstances warranted is borne out by his testimony that he was only from seven to ten feet behind the car ahead while traveling at the rate of 20 to 25 miles per hour when that car veered into the left lane. Although he claimed it was his duty to observe only this car ahead he failed to do even that as it is evident he would have been unable to avoid hitting that car had it stopped when confronted with the parked Vosbein car rather than moving to another lane of traffic in view of his testimony that he was only from seven to ten feet behind it while traveling between 20 to 25 miles per hour.
*731 The next question for our determination is the amount of damages due Mrs. Vosbein for her personal injuries. She has appealed asking for an increase from $4,-000.00 to $16,000.00 and defendants have answered asking for a reduction to $2,500.-00.
The record reveals that Mrs. Vosbein was approximately 54 years of age and apparently in good health at the time of the accident, except for a degenerate arthritic condition. There is no disagreement that Mrs. Vosbein suffered injuries in the accident but the extent and duration of these injuries is disputed.
As a result of the accident, she was confined to Baptist Hospital for three days. Her attending physician prescribed a steel corset which she wore for a period of time, neck traction three times a day for the first month, with the frequency thereafter gradually reduced, diathermy treatment every day for about six months and then gradually reduced in frequency for an additional eight months. She complained of continued pain and of her inability to rest properly at night and maintain her home.
The record reveals that in addition to the whiplash injury to the neck, including injuries to the trapezius muscles and rhomboid muscles, Mrs. Vosbein also suffered whiplash injury of the low back, involving muscles of the low back and aggravation of the hypertrophic condition therein, concussion of the brain and tearing of the rib cage attachments.
The trial judge found from the medical expert testimony that Mrs. Vosbein unquestionably suffered a severe whiplash injury, causing her pain and suffering, with incapacitating effects of varying degrees for a period of six or seven months. He further found that over this period the effects of the accident gradually diminished in severity of pain and frequency of occurrence until they could be considered nonexistent. He consequently awarded Mrs. Vosbein $4,000.00.
In arriving at the conclusion that Mrs. Vosbein had completely recovered from the effects of the accident after seven months, the trial judge attached great weight to the testimony of Dr. Harry Morris, Chief of the Department of Orthopedic Surgery at Ochsner Clinic, a witness for defendant. From a thorough and comprehensive examination of Mrs. Vosbein seven months after the accident, Dr. Morris testified that it was his opinion that there were no pathological nor clinical causes for her complaining of pain or disability.
On the other hand, Mrs. Vosbein’s treating physician, Dr. Blaise Salatich, orthopedist, stated that in his opinion her injuries had persisted for twenty-six months and since they had lasted that length of time, they would be permanent.
Dr. Herman Soboloff, orthopedist, examined Mrs. Vosbein for defendants the day after Dr. Morris’ examination. He stated that in his opinion Mrs. Vosbein had residual soreness and tightness in her neck and shoulder. When asked whether that was a subjective complaint, he answered:
“Yes, it is a subjective complaint, but you must take into consideration the patient’s complaints and her history, also, and the fact they are persistent enough complaints that are in an identical area, no matter how you examine the patient, she doesn’t complain in other areas as patients who are enlarging on their complaints will do. To me this is something I must believe in the patient and that is why I felt she had these residuals.”
Regarding his prognosis as to her future pain and suffering, Dr. Soboloff stated:
“ * * * She still utilizes traction. She knows how to live with it, and it is something she’s going to live with for the rest of her life or for whatever length of time it seems to give her difficulty, so that it doesn’t matter in the sense of total major restriction of large *732 parts, but by the same token, it may be major to her * *
Two neurosurgeons who testified stated that her complaints were in the orthopedic field not in that of the neurosurgeons.
Dr. Charles Walters, surgeon, who treated Mrs. Vosbein immediately after the accident before she transferred to Dr. Sala-tich, also testified. He last saw her seven days after the accident, thus could not testify as to any residual effects.
We agree with the trial court’s findings as to Mrs. Vosbein’s injuries but do not agree that there were no residual effects. From our appreciation of the record, there is a preponderance of medical expert opinion that the injuries suffered by Mrs. Vos-bein are permanent in nature. Dr. Morris’ testimony, while entitled to great weight because of his qualifications, is in conflict with that of defendant’s other orthopedist witness, Dr. Soboloff, who believed that Mrs. Vosbein’s subjective complaints were real. Dr. Soboloff’s testimony, combined with that of Mrs. Vosbein’s treating orthopedist, convinces us that she has sustained permanent injuries.
We are convinced, after a review of the recent cases involving quantum, that the award to Mrs. Vosbein should be increased from $4,000.00 to $6,000.00. Patterson v. Hardware Mutual Casualty Company, La.App., 131 So.2d 147 and Salter v. Acme Well Point Corporation, La.App., 116 So.2d 351.
It is ordered, adjudged and decreed that the judgment appealed from be amended so as to provide and stipulate that Effie Vos-bein shall have judgment against defendants, Colonial Sugar Company and Sun Insurance Company of New York, in solido, for the sum of $2,000.00 with legal interest thereon from judicial demand until paid, together with all costs of suit, in addition to the award in favor of Effie Vosbein against Frederick P. Arras and Audubon Insurance Company in the sum of $4,000.00, together with legal interest thereon from date of judicial demand until paid and for all costs of suit, and in all other respects the judgment is affirmed.
Defendants are cast for the costs in this court.
Amended and affirmed.