YARRUT, Judge.
This suit arises from a highway rear-end collision causing damage to Plaintiff (Brown’s) automobile, and personal injuries to Plaintiff (Miss Bourgeois), who was operating the automobile at the time. Defendants are, respectively, the owner and driver of the automobile which collided (from the rear) with Brown’s automobile, and his liability insurer.
Brown seeks $720.00 for damage to his automobile, and Miss Bourgeois $10,304.50 for personal injuries, loss of wages and medical expenses.
The district court rendered judgment against Defendants, in solido: $720.00 for Brown; and $4,000.00 for pain and suffering, $77.00 for loss of wages and $227.50 medical bills, for Miss Bourgeois; plus an expert fee of $100.00 to each of the medical witnesses.
Defendants appealed, and Plaintiff Miss Bourgeois only has answered seeking an increase from $4,000.00 to $6,500.00.
The accident occurred about 6:15 a. m., October 16, 1961, on La. Highway 18, on the right bank of the Mississippi River, in St. Charles Parish, near Taft, La. The highway at that point is black-topped and has only two traffic lanes for opposing traffic.
Plaintiffs contend Defendant Rousseve’s negligence was the sole cause of the accident in that he: (1) failed to have his automobile under proper control; (2) failed to keep a proper lookout; (3) drove his automobile at an excessive rate of speed; (4) drove his automobile onto the *850 shoulder of the highway, striking petitioner’s automobile in the rear, and knocking same to the yard of the adjoining residence at Taft, La.; and (5) failed to see what he should have seen.
Defendants admit the collision, but contend it was due solely to the negligence of Miss Bourgeois in: (1) making a sudden and unwarranted stop on the highway, blocking traffic in her lane of travel; (2) making a sudden and unwarranted stop without first ascertaining that such a stop could be made with safety; (3) making a sudden and unwarranted stop without giving a signal as required by law; and (4) parking a Ford automobile on the main-traveled portion of the highway when it was practicable to park it off the main-traveled portion of the highway as required by law.
While Miss Bourgeois had stopped her car for about two minutes in front of the residence of Steve Lagrange along the highway to pick up a guest passenger to go to work, a common practice in that community, well-known to defendant Rousseve, the rear-end collision occurred.
Defendant Rousseve claims Miss Bourgeois had stopped on the blaclc-top of the highway in violation of LSA-R.S. 32:141, as in force in 1961, while Miss Bourgeois contends she stopped in the driveway of the home of Steve Lagrange for her guest. Rousseve testified, because of the sun in his eyes, he was prevented from seeing the parked automobile.
From the conflicting testimony the district judge concluded that:
“The testimony of Trooper Kopanica, Deputy Sheriff Mueller, LaGrange, and eyewitness, Kenny, an eye witness, Emelda LaGrange, an occupant of the Brown car, and Hattie Bourgois, the driver, established with legal certainty the fact that Brown’s vehicle was parked on the shoulder of the road and driveway of LaGrange, off the black top traffic lanes, when it was struck from the rear by Rousseve’s vehicle.
“Defendant Rousseve, his witnesses, Mitchell, Poche, and Washington, did not seriously controvert the above fact and this Court believed the plaintiff’s witnesses when they said the Brown vehicle was off the black top and this Court finds Rousseve negligent and his negligence the sole proximate cause of the accident.”
Regardless of whether Plaintiff’s automobile was parked on the black-top of the road or in the driveway of the Lagrange residence, Rousseve had ample opportunity to avoid the collision. His negligence is accentuated by his admission that he could not see ahead because the rising sun in the east blinded him. In view of this, he should have traveled cautiously and at a reduced speed, not 55 or 60 miles per hour. Had he done so, he could easily have avoided running into the parked automobile.
The following episode in Rousseve’s cross-examination clearly establishes his negligence:
“Q: But you do recall seeing her when you were about four blocks in the back of her and she was stopped in the front of Steve Lagrange’s house ?
“A: Yes, around there.
"Q: And you testified that you couldn’t see her any more for a while until you were about 15 feet away from her?
“A: I didn’t say I couldn’t see her. When I noticed her again I was right close. I wasn’t just actually keeping my eye all the time ahead of me.”
And we must add, “notwithstanding he was traveling about 55 miles per hour in what he termed a blinding sun.”
The mere violation of a traffic law or ordinance is not the cause of an acci *851 dent when the approaching vehicle had the opportunity and duty to observe the parked vehicle, but failed to do so. Ardoin v. Williams, La.App., 108 So.2d 817; Manning v. Fortenberry Drilling Company, La.App., 107 So.2d 713; August v. Delta Fire & Casualty Company, La.App., 79 So.2d 114; Howell v. Kansas City Southern Transport Co., La.App., 66 So.2d 646; Williams v. Pelican Creamery, La.App., 30 So.2d 574; Calvert Fire Ins. Co. v. TriState Transit Co., La.App., 5 So.2d 156; Penton v. Sears, Roebuck & Co., La.App., 4 So.2d 547.
Regarding quantum, the only issue is the award to Miss Bourgeois for her pain and suffering. The property damage to the automobile was stipulated, and we can find no error in the medical and loss-wage items, or experts’ fees.
Regarding personal injuries Plaintiff’s vehicle was pushed 120 feet ahead, indicating severe impact. Defendant admitted driving about 55 miles per hour. Miss Bourgeois claims she suffered a whiplash injury which was causing her pain and suffering at the time of the trial, and that she suffered bruises to her right leg, traumatic injury to her chest, and a head injury. While admitting she returned to work 10 days after the accident, she explained she did so from necessity, notwithstanding she suffered discomfort and much inconvenience.
Dr. Vial testified he treated her for only two and one-half months. Dr. Unkauf testified he treated her between February and April 14, 1962, for her neck injury, at which latter date she had recovered from her injury.
The case of Vosbein v. Arras, La.App., 149 So.2d 727, was an award of $6,000.00 to a 54-year-old woman who suffered a severe whiplash to the neck and low back, with permanent residual effects. In Stroud v. State Farm Mutual Automobile Ins. Co., La.App., 140 So.2d 693, $5,000.00 was allowed to an 18-year-old boy who received muscular injuries to neck and back, but in whom several doctors could find nothing objectively wrong. In Patterson v. Hardware Mutual Casualty Company, La.App., 131 So.2d 147, a 29-year-old married woman was awarded $8,000.00 for a comminuted fracture of the mid-third of the left clavicle with complete overriding of the bone fragments, a serious sprain of the cervical spine, or whiplash injury, and an acute lumbosacral strain which required an operation and several periods of hospitalization.
In view of the recent decision of the Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, we find no reason to increase or decrease the award of $4,000.00 to Miss Bourgeois in this case. Accordingly, we must affirm the judgment of the district court, Defendants to pay all costs in the district court, and each party to pay his costs on appeal.
Judgment affirmed.