NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-12

RUSSELL MAHAFFEY, ET AL.

VERSUS

JOHNNIE KENNETH EARL, ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2005-022
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and James T. Genovese, Judges.

AFFIRMED.

John J. Rabalais
Janice B. Unland
Robert T. Lorio
Deanne B. McCauley
Rabalais, Unland & Lorio
5100 Village Walk, Suite 300
Covington, LA 70433
(985) 893-9900
Counsel for Intervenor/Appellee:
    The Geo Group
    AIG

**Michael W. Landry**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**Counsel for Defendants/Appellants:**
    **State of Louisiana through the**
        **Department of Transportation**
        **and Development**
    **Kenneth Earl Johnnie**

**Craig Ray Hill**
**Jones & Hill**
**P. O. Box 1260**
**Oberlin, LA 70655**
**(337) 639-2127**
**Counsel for Plaintiffs/Appellees:**
    **Russell Mahaffey**
    **Constance Mahaffey**

**DECUIR, Judge.**

In this lawsuit arising from an automobile accident, summary judgment on liability was granted in favor of the plaintiffs, Russell Mahaffey and his wife, Constance, and the intervenor, GEO Group, Inc., and against the defendants, Kenneth Earl Johnnie (also referred to in the record as Kenneth Johnnie Earl) and his employer, the Louisiana Department of Transportation and Development (DOTD). The defendants have appealed the summary judgment granted in favor of the plaintiffs and intervenor.

On October 13, 2004, Mahaffey and Johnnie were working with a group of prisoners to collect litter on a portion of Louisiana Highway 3056. Mahaffey drove one vehicle and followed alongside the prisoners to supervise them and provide them with water and bathroom facilities which were located on a trailer attached to Mahaffey's vehicle. Mahaffey's vehicle included a flashing arrow which served as a warning to oncoming motorists of the slow moving vehicles. Johnnie followed in a dump truck, and a flagman assisted with directing traffic. The accident occurred when Johnnie's dump truck rear-ended Mahaffey's trailer.

Johnnie reported that the accident occurred when he was blinded by the sun and could not see that Mahaffey's vehicle had come to a stop in front of him. Notwithstanding the obvious negligence in continuing to drive while blinded by the sun, DOTD and Johnnie contend that Mahaffey is comparatively at fault in causing the accident. First, they argue that Mahaffey came to a stop in the middle of the roadway, rather than stopping safely on the shoulder. Second, they suggest that Mahaffey came to a sudden stop for no reason. DOTD and Johnnie argue that these disputed facts raise a question as to comparative fault and preclude summary judgment in Mahaffey's favor.

The plaintiffs and intervenor contend that the location of Mahaffey's vehicle and whether he came to a sudden stop are immaterial disagreements given the nature of the trash collection operation. Johnnie was aware of how the operation worked. Not only had the operation been ongoing all morning, but there were flashing lights, signs, and a flagman to warn drivers, including Johnnie, to be cautious and merge left.

After reviewing the police report, witness accounts, and deposition testimony, the trial court reached the following conclusions:

> In the Court's opinion, this case involves uncomplicated, uncontested facts that require bare application of the most basic principles of tort law applicable to rear-end collisions ... .
>
> A following driver is required to exercise due care and shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and traffic upon and the condition of the highway. Accordingly, there exists a presumption under Louisiana law that where a following vehicle rear-ends the leading vehicle, the following vehicle is presumed at fault and must prove the lack of fault to avoid liability.
>
> In applying Louisiana tort law to the undisputed facts of this case, the Court finds that Johnnie Kenneth Earl was solely at fault in causing the subject accident and any damages resulting therefrom. Indeed, Johnnie Kenneth Earl was familiar with the traffic conditions brought about by the inmate litter collection detail. Further, Johnnie Kenneth Earl knew of the presence of Russell Mahaffey's lead vehicle and its movement in supervising and attending to the inmates. Johnnie Kenneth Earl's failure to ascertain the location of Russell Mahaffey's vehicle before proceeding to drive while blinded by sunlight is negligence in its basic form.

In support of their position that Johnnie was solely at fault in causing the accident, the plaintiffs have cited longstanding Louisiana jurisprudence which holds that a driver's "negligence is accentuated" in a rear-end collision where the driver urges as a defense his inability to see because of blinding sunlight or some other obfuscation. *See Brown v. Rousseve,* 163 So.2d 849 (La.App. 4 Cir. 1964); *Harper v. Holmes,* 189 So. 463 (La.App. 2 Cir. 1939).

2

We have reviewed the record before us and ascertain no error in the conclusions reached by the trial court. Finding no genuine issue of material fact exists, we conclude the trial court properly found that the plaintiffs and the intervenor are entitled to judgment as a matter of law. Accordingly, we affirm the partial summary judgment granted in favor of Russell and Constance Mahaffey and GEO Group, Inc. on the issue of liability.

Costs of this appeal in the amount of $3,008.50 are assessed to the Louisiana Department of Transportation and Development and Kenneth Earl Johnnie.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.